## CRUMPTON v. STATE.

1. WITNESSES: *Bias of, not a collateral matter.*

   The bias of a witness is not a collateral matter; and where on cross-examination he denies making a statement which, if made, tends to show an interest in behalf of the party introducing him, it is competent for the opposing party to prove that he did in fact make such statement.

2. CRIMINAL PROCEDURE: *Trial for murder: Instruction as to lower offense.*

   On a trial for murder in the first degree it is not error to instruct the jury as to the law of manslaughter if there is any evidence to justify a conviction of the latter offense.

ERROR to *Craighead* Circuit Court.

J. E. RIDDICK, Judge.

The appellant was convicted of voluntary manslaughter on an indictment for murder in the first degree.

*N. W. Norton,* for appellant.

1. The evidence is insufficient to support the verdict, especially of manslaughter, and the court erred in instructing the jury as to the law of manslaughter. *37 Ark., 436; 50 id., 506.*

2. It was error to admit the evidence of Clears and Newcomb to contradict the witness King. The State was bound by the answer of King. *Whart. Cr. Ev. (8 ed.), sec. 484; 1*

Crumpton v. State.

*Greenl. Ev.* (*13 ed.*), *sec. 449; 11 S. W. Rep., 106; 34 Ark., 480; Mansf. Dig., sec. 2902.*

*W. E. Atkinson,* Attorney General, for appellee.

1. It was entirely proper for the court to submit to the jury the entire question, and it was for them to say whether the killing being found, it was murder or manslaughter. *37 Ark., 433; 50 Ark., 506.*

2. Though enmity or bias be the issue, the court may permit particular facts or conditions to be shown, to prove bias or interest of the witness after the predicate has been laid on his cross-examination, and he had denied their existence. *50 Penn. St., 319; 64 Ind., 400; 1 Parker Cr. Rep., 154; Greenl. Ev., sec. 450.* See the rule in *34 Ark., 484,* and *13 id., 800, 801.* It is not a collateral question, but a very important one to prove the motives or temper of the witness, and not the reason for the motive.

PER CURIAM. During the trial of the appellant, a witness WITNESSES: introduced by him was asked if he had not made certain state-
Bias of. ments, which, if made, tended to show that he felt an interest in the defendant's behalf. He denied that he had made the statements, and the State was permitted, against his objection, to prove that he had made them. The bias of one called to testify in a case is not a collateral matter. The testimony was competent. *Butler v. State, 34 Ark., 480; Whar. Cr. Ev., sec. 485.*

INSTRUC- It is urged that the court erred in instructing the jury as to
TIONS. the law of manslaughter, against the appellant's objection. We cannot say there was no testimony to justify a conviction of manslaughter. Affirm.