## PETERS *v.* STATE.

### Opinion delivered March 18, 1912.

1. CARNAL ABUSE—CONVICTION UNDER INDICTMENT FOR RAPE.—An indictment for rape of a girl under sixteen years of age will sustain a conviction of carnal abuse. (Page 121.)

2. SAME—EVIDENCE.—Upon a prosecution for carnal abuse, it was not competent for the defendant to prove that the prosecuting witness had had sexual intercourse with some person other than defendant. (Page 122.)

3. WITNESSES—IMPEACHMENT AS TO COLLATERAL MATTER.—When a witness is cross examined on a matter collateral to the issue, his answer can not subsequently be contradicted by the party putting the question. (Page 123.)

4. SAME—WHAT IS COLLATERAL MATTER.—The test of whether a fact inquired of in cross examination is collateral is, would the cross examining party be entitled to prove it as a part of his case, tending to establish his plea?  (Page 123.)

5. CONTINUANCE—WHEN APPLICATION PROPERLY DENIED.—A motion for continuance based on the ground of the absence of a certain witness was properly denied where his testimony would be cumulative to evidence that was properly excluded.  (Page 126.)

6. TRIAL—INSTRUCTION.—In a felony case the court instructed the jury as follows: "Gentlemen of the jury, you are not possessed of the very extraordinary power of giving life or liberty to a man charged with crime, or of taking either from him.  You do not give either, and do not take away either.  It is your duty simply to find whether the defendant is guilty as charged or not.  If you are satisfied from the evidence beyond a reasonable doubt that the defendant is guilty, you should convict him; and, if not, you should acquit him.  The evidence and law should control your verdict, and you have no power or right to take either away.  Your verdict should register the truth alone, whether that be guilty or not guilty." *Held* not prejudicial error.  (Page 126.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*C. A. Starbird* and *J. E. London,* for appellant.

1.  The testimony excluded tended to show that the prosecutrix had a disposition or mania to make false charges against men of carnal abuse.  40 N. W. 473; 66 Ark. 523-5; 16 Cyc. 1181.

2.  It was error to give the sixth instruction.  It was prejudicial and not neutralized by the statement of the court. It eliminated the question of a reasonable doubt as to the defendant's guilt.

3.  The continuance should have been granted.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1.  The continuance was properly refused; the proposed evidence was not competent, relevant nor material. 1 Whart. Cr. Ev. (9 ed.) § 48b; 34 Ark. 480; 27 L. R. A. 70; 66 Ark. 523; 72 *Id.* 409; Kirby's Dig., § 3138; 15 Ark. 624.

2.  The question propounded to witnesses were improper. Answers thereto would have elicited answers wholly collateral, irrelevant and immaterial.  Cases *supra.*  It was not admis-

sible to even prove a mania for making false charges.   66 Ark.
523.   Even if she had made such charges, there is nothing to
show that they were false.

3.   The indictment is fully sustained by 50 Ark. 330,
76 *Id*. 267, 93 *Id*. 168.

FRAUENTHAL, J.   The defendant was indicted for the crime
of rape, alleged to have been committed upon the person of
one Della Smith, a girl under the age of sixteen years.   The
jury returned a verdict finding the defendant guilty of the
crime of carnal abuse of a female under the age of sixteen years,
but without fixing the punishment.   The court thereupon
assessed his punishment at a term of twenty-one years' impris-
onment in the State Penitentiary.

Counsel for defendant made no complaint of any defect
in the indictment under which he was tried, or that the crime of
which he was convicted was not included in the charge therein
made; nor would any complaint in this regard be availing.

The carnal knowledge of a female under the age of sixteen
years is an offense consisting of different degrees.   If the
offense is committed forcibly and against the will of the female,
either in fact or in law, it will constitute rape; but if it is com-
mitted with her consent, it will constitute carnal abuse.   An
indictment for rape of a female under the age of sixteen years
will therefore sustain a conviction of carnal abuse.   *Henson* v.
*State*, 76 Ark. 267; *Coates* v. *State*, 50 Ark. 336; *Bowman* v.
*State*, 93 Ark. 168.

Counsel for defendant urge that the judgment should be
reversed upon the following grounds:   (1) that the court erred
in refusing to grant a continuance; (2) that error was com-
mitted in refusing the admission of certain testimony offered
by him; (3) in the ruling made by it upon an instruction given
to the jury.

The girl, Della Smith, was between twelve and thirteen
years of age at the time of the trial of this case, and was living
with her mother in the town of Graphic, about one hundred
yards from the defendant.   The defendant is a practicing
physician, and had been the family physician of Mrs. Smith
both prior to and after her husband's death, which occurred
in March, 1909.   Shortly before and after her father's death,
the defendant was accustomed to take Della Smith in his buggy

and travel around frequently with her in visiting his patients, who lived several miles from Graphic, sometimes after dark. The testimony on the part of the State tended to prove that he paid marked attention to her; he accompanied her upon fishing expeditions and to revival meetings, and on several occasions she went to his office, where they were alone. He claimed that he did this only because he had been a great friend of her father, and that he only paid to her the attention that a father would. But his deep concern in and great attention to her caused comment in the community where they lived, and finally a coldness upon the part of the mother. He noticed this, and thereupon asked the mother the reason for her estrangement, and she told him that it was because he was causing adverse comment relative to him and her daughter.

The little girl, Della Smith, testified that for two or three years prior to the date of the trial the defendant had treated her with undue familiarity; that he took her upon his lap in an indecent position and fondled her with excessive kissing. Upon further examination, she gave in detail his various acts of carnal abuse of her. In substance, she testified that he had obtained intercourse with her on a number of occasions, and at various places, during 1910 and the summer of 1911. In some minor details she was corroborated by other witnesses, principally in being alone with the defendant at his office and in the woods, and at his home—places at which she testified he had violated her virtue. Some time before the trial of the case a physician made a thorough examination of her, and testified that her hymen had been ruptured, and for a sufficient time for the parts to heal, indicating that she had been despoiled.

Upon the cross examination of Della Smith, she was asked by the defendant's counsel if she had told one Linda Simmons that defendant had her and another girl at his office and kept them there all day; also, if she had told this party that old man Sanders had had intercourse with her. She was asked if she had told Jennie England that defendant had had her and another girl in his office and had intercourse with both of them. She was further asked if she had told a Mr. Bruce that she had had sexual intercourse with men a great number of times. All of these questions the witness answered in the

negative.  The defendant introduced these various persons to whom the above alleged statements had been made by Della Smith, and asked each of them whether such statements had been made to them by her, but the court in each instance refused to permit the question to be answered.

It is earnestly insisted by counsel for defendant that the court erred in refusing to permit these questions to be answered by these witnesses.  It appears from the record that in the lower court counsel for defendant contended that this testimony was admissible for the purpose of showing that the rupture of the hymen was caused by some one other than the defendant.  The defendant was convicted of the crime of carnal knowledge of Della Smith, a female under the age of sixteen years; and such carnal knowledge of a female under that age is made in itself a crime.  The fact, therefore, that she had also had sexual intercourse with some person other than the defendant would be entirely immaterial in such a case.  As is said in the case of *Plunkett* v. *State,* 72 Ark. 409: "The only question in a charge of this kind is whether appellant had sexual intercourse with the prosecutrix."

Upon this appeal it is urged, however, that this testimony was competent because it tended to prove the disposition upon the part of the prosecutrix to make false charges of the character involved in this case, and thus to show the falsity of the present charge made by her against the defendant. But we think the purpose and effect of the admission of this testimony would simply have been to impeach the credibility of the witness, Della Smith.  In the case of *Butler* v. *State,* 34 Ark. 480, the following rule relative to the admissibility of contradictory statements made by a witness is quoted with approval from 1 Wharton on Evidence, § 599: "In order to avoid interminable multiplication of issues, it is a settled rule of practice that when a witness is cross examined on a matter collateral to the issue, he can not, as to his answer, be subsequently contradicted by the party putting the question.  The test of whether a fact inquired of in cross examination is collateral is this: "Would the cross examining party be entitled to prove it as a part of his case, tending to establish his plea?"

In the case of *McArthur* v. *State,* 59 Ark. 431, Mr. Justice RIDDICK, speaking for the court, said: "The general rule is

that when a witness is cross examined on a matter collateral to the issue his answer can not be subsequently contradicted by the party putting the question; but this limitation only applies to answers on the cross examination."

This rule has been uniformly followed by this court. In the case of *McAllister* v. *State,* 99 Ark. 604, this court again said: "The cross-examining party is concluded by the answer which the witness gives to a question concerning a collateral matter, and no contradiction will be allowed, even for the purpose of impeaching the witness." In this latter case, the numerous decisions of this court are cited in which this rule has been approved and followed. See also *Adams* v. *State,* 93 Ark. 260.

The fact that the witness Della Smith had said to others that she had been in the defendant's office with another girl who also had intercourse with him, or that a person other than the defendant had had intercourse with her, would not even affect her credibility, unless such statements were shown to be false. The defendant did not offer to prove that such statements, even if made, were false. If she had made such statements, and the defendant had offered to show that such statements were false, it would involve for the determination of the jury another and an entirely different issue. The question as to whether or not she had made these statements, and as to whether or not they were true or were false, if made, was not so connected with the offense which was charged against the defendant as to be a part of the case against him. These statements related to other persons wholly disconnected with the defendant in the commission of the crime charged against him in this case. The question as to whether or not she had made these statements involved an issue not connected with the charge which in this case was made against the defendant. It affected the veracity of the witness; and if she had made contradictory statements, it would only have tended to impeach her credibility as a witness. It therefore simply involved the reputation of the witness for truth, and was an attempt to impeach her. The witness could only be impeached by evidence that her general reputation for truth or morality rendered her unworthy of belief, or that she had made statements different from her testimony given in chief in this case, or relative to some

matter which was not collateral to the issue involved therein. Kirby's Digest, § 3137.

It is, however, claimed that this testimony was not collateral, but was in the nature of independent evidence, going to show the mental qualities of the witness. In other words, it is urged that this testimony would go to show that the witness had a mania for making false statements or charges of this character. But there was no testimony adduced or offered upon the trial of this case tending to show that the witness was mentally deranged, or that she was of weak mind, or that she was subject to hallucinations. On the other hand, the testimony which was introduced or offered in this case tended to show that the witness was of a normal mental condition, and the question relative to the truthfulness or untruthfulness of her testimony was no different from that relative to the testimony given by any witness in any case. The truth of her testimony was a question to be determined by the jury under the rules of law applicable to the testimony of all witnesses who are of a normal mental condition. It is competent to contradict the testimony of a witness relative to statements or expressions made by such witness tending to show bias or undue feeling against a defendant. *Crumpton* v. *State,* 52 Ark. 273; *Hollingsworth* v. *State,* 53 Ark. 387. But it is well settled that, with reference to any other matter inquired of which is disconnected with the facts involved in the issue of the case, the answer of a witness elicited upon cross examination can not be contradicted by other testimony.

Counsel for defendant has called our attention to the case of *People* v. *Evans* (Mich.) 40 N. W. 463, as sustaining their contention. In that case it was held that testimony was admissible showing that the prosecuting witness was addicted to the habit of, or had a mania for, making false charges; in other words, that such witness was subject to a morbid mental condition and to hallucinations upon the subject. In so far as that case holds that testimony would be admissible showing a mental weakness or mental derangement of the witness, we think it is correct; but in so far as it holds that it may be shown by testimony in the nature of independent evidence that the witness made statements relative to persons wholly disconnected with the defendant, or the crime for which he is tried,

we think that it is contrary to the rule uniformly followed by this court, which is that a witness can not be impeached by showing that he has made statements contrary to those made on his cross examination relative to a collateral matter.

The motion for a continuance filed by the defendant was based upon the ground that he desired the attendance of a witness whose testimony, it was stated, was similar to the character of testimony which was excluded. No error was, therefore, committed by the court in refusing the continuance.

It is urged that the court erred in giving the following instruction to the jury: "Gentlemen of the jury, you are not possessed of the very extraordinary power of giving life or liberty to a man charged with crime, or of taking either from him. You do not give either, and do not take either away. It is your duty simply to find whether the defendant is guilty as charged or not. If you are satisfied from the evidence beyond a reasonable doubt that the defendant is guilty, you should convict him; and, if not, you should acquit him. The evidence and law should control your verdict, and you have no power or right to give life or liberty, and you have no power or right to take either away. Your verdict should register the truth alone, whether that be guilty or not guilty."

In other instructions given by it, the court had told the jury that, before the defendant could be found guilty of either the crime of rape or of carnal abuse, it was incumbent upon the State to prove the defendant's guilt by evidence beyond a reasonable doubt. It carefully instructed the jury relative to what facts constituted these two offenses, and instructed them as to the punishment for each of them. The above instruction complained of, we think, was simply an admonition to the jury that they should be controlled solely by the evidence introduced at the trial, and the law applicable to the case as given to them by the court. It was couched in language probably inappropriate and unnecessarily rhetorical. It would have been simpler, and perhaps better, to have told them to consider the evidence and to apply to that evidence the law as given to them by the court. Taken as a whole, it is clear that this is in fact what the court meant, and in substance what it said. We do not think that this instruction tended to cause the jury to fail to exercise their own independent opinion as to a finding of the

facts involved in the case, or that they could have understood therefrom that they were not to fix the amount of the punishment in event they found the defendant guilty of any crime. As before stated, the court instructed the jury as to the punishment for each of said crimes in other instructions given by it, and from the instruction complained of we do not think it was possible that the jury could have understood that in event they found him guilty they were not to fix his punishment but were to leave it to the court. We are of the opinion, therefore, that no prejudicial error can be based upon this instruction. See *Bell* v. *State*, 81 Ark. 16.

Upon an examination of the entire record, we do not find that any prejudicial error was committed in the trial of this case. The judgment must accordingly be affirmed.