Frank COCHRAN, Jr. and Theodis COCHRAN
*v.* STATE of Arkansas

5799                                                    505 S.W. 2d 520

Opinion delivered February 25, 1974

*Walker, Kaplan & Mays, P.A.,* by: *A. T. Goodloe,* for appellants.

*Jim Guy Tucker,* Atty. Gen., by: *James W. Atkins,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Frank Cochran, Jr. and Theodis Cochran were cnnvicted of assaulting an officer during an assemblage or riot in violation of Ark. Stat. Ann. § 41-2802.1 (Supp. 1973). On appeal they contend, among other things, that the trial court unduly restricted their voir dire of the venire.

The record shows that Officer Clarence Edward Kennedy of the Forrest City Police Department was struck and injured in the performance of his duties when investigating a disturbance in a black neighborhood. There were at least twelve persons involved in the assault. Following the attack upon Officer Kennedy appellants were arrested along with Curtis Cochran and Frank Cochran, Sr. Later in the day all four Cochrans were allegedly assaulted by a group of white people at the jail house when they were released on bond.

When the names of the jurors were called the trial court asked them as a group: "Would the fact that the Defendants are members of the black race and that the officer is a member of the white race tend to influence your verdict or tend to prejudice you either for or against the defendants in this case?" Having received no response, the trial court accepted their silence as a response that those facts would not influence their verdicts. Thereafter, the trial court would not permit appellants' counsel to question the prospective jurors on voir dire with reference to racial prejudice. The trial court also refused to permit counsel to question the prospective jurors as to whether they knew anyone who participated in the incident at the jailhouse or had any information about the incident.

In *Griffin* v. *State,* 239 Ark. 431, 433, 389 S.W. 2d 900 (1965), we pointed out that wide latitude is allowed counsel in examining jurors on their voir dire and that such examination should not be limited to only that which might disqualify because such an inquiry also serves the purpose of determining whether counsel should exercise a prermptory challenge. In that connection we pointed out that in many instances "counsel decides whether to use a peremptory challenge not so much on what a venireman may say, but on how he says it."

Of course as pointed out in *Ham* v. *South Carolina,* 409 U.S. 524, 93 S. Ct. 848, 35 L. Ed. 2d 46 (1973), appellants had a constitutional right under the Fourteenth Amendment to voir dire the jurors upon the subject of racial prejudice.

In holding that the trial court abused its discretion in unduly restricting the voir dire of the jurors, however, we are not saying that appellants have a right to ask all thirty-four of the questions set forth in their briefs. We do not find those questions in the record.

The State contends that the one question asked by the trial court was sufficient to focus the attention of the prospective jurors to any racial prejudice they might entertain. A sufficient answer to the State's contention is found in *Griffin* v. *State, Supra,* 239 Ark. at 434, where we said, relying on *Missouri Pac. Trans. Co.* v. *Johnson,* 197 Ark. 1129, 126 S.W. 2d

931 (1939):

" ' . . . All trial lawyers, and all students of the science of jurisprudence, know that *general* questions directed to the jury panel, or to individual jurors, by a judge who at the beginning of the trial has no special information regarding the issues, or the relationship of the parties, or the attending circumstances, sometimes fail to elicit answers which may cause even the most conscientious juror to reveal an existing prejudicial status.' "

We find no merit in appellants' contention that the trial court abused its discretion in refusing their motions for severance. Ark. Stat. Ann. § 43-1802 (Repl. 1964).

The only other contention made by the appellants that is likely to arise on a new trial is their contention that the jury's verdict was inconsistent in that Frank Cochran, Sr., and Curtis Cochran were only convicted of the lesser included offense of "obstructing justice," Ark. Stat. Ann. § 41-2801 (Repl. 1964), a misdemeanor, whereas appellants were convicted of the felony of assaulting an officer during an assembly. We find no merit in the contention for there is evidence that Frank Cochran Sr. and Curtis Cochran were not in the position of assaulting or beating the officer whereas there is rather cogent evidence that appellants and a number of others were.

Reversed and remanded.