Ronald BROWN *v.* STATE of Arkansas

CR 77-19                                   250 S.W. 2d 776

Opinion delivered May 23, 1977
(Division II)

*Clark, McNeil & Watson,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. Appellant Ronald Brown was charged with selling 25.6 grams of marijuana for $15 to an undercover agent on June 26, 1975 and of selling 9.5 grams of marijuana for $10 on June 30, 1975 to the same undercover agent. Appellant was age 16 at the time of the alleged sale. The jury found appellant guilty on both charges and fixed his punishment on the first charge at three years in the Department of Corrections and a $3,000 fine and at five years and a $7,000 fine on the latter charge for a total of eight years and $10,000 in fines. We reverse for the error hereinafter discussed.

The statutory penalty for delivery of marijuana, Ark. Stat. Ann. § 82-2617(a)(1)(ii) (Supp. 1975), calls for imprisonment for not less than three nor more than ten years, a fine of not more than $15,000, or both. The trial court did not instruct the jury as to the penalty. Instead the trial court, notwithstanding that appellant submitted verdict forms in accordance with the statute, told the jury "We are preparing verdict forms, which will be self-explanatory." The form submitted to the jury on the first charge was as follows:

"We the jury, find the defendant, Ronald Brown, guilty in case No. CR-75-143, delivery of a controlled substance, 25.6 grams of marijuana to Don Sanders, for $15.00 and fix his punishment at _____ years in the Arkansas Penitentiary, and/or a fine of _____.
(3 to 10 years)
(Fine not exceeding $15,000.00)

Foreman"

A similar form was submitted on the next charge.

We pointed out in *Alford* v. *State,* 223 Ark. 330, 266 S.W. 2d 804 (1954), that where the enforcement of penalties is optional with the jury, the penalties as a whole should be explained to the jury so that the record will disclose with certainty that all of the jurors would understand their options in the assessment of the penalties. Here the verdict forms submitted indicated that the assessment of the fine was mandatory and consequently, we must hold that the trial court erred. The suggestion of the State that the matter is raised for the first time on appeal has no merit in view of the presentation of the appropriate forms to the trial court by appellant.

The only other issue that is likely to occur on a retrial of appellant is the action of the trial court in quashing a subpoena duces tecum for the weekly reports made by the undercover agent to the Arkansas State Police. The testimony given by the undercover agent was made entirely from his notes — in fact, he testified that he had no recollection as to what he was doing before or after the two purchases except as shown by his notes. According to the undercover agent, he made a daily report of his activities at the end of each day and submitted his reports to the Arkansas State Police on a weekly basis. Admittedly, the undercover agent made 20 buys of controlled substances in Conway during each of the months of June and July, 1975 — he made 13 of those purchases from nine different people during the period of June 26 through June 30th.

The undercover officer testified that his purchases were

made from appellant in the presence of his girlfriend at the Wal-Mart Shopping Center area at 8:30 p.m. on both of the dates involved. It was the testimony of appellant and his girlfriend that they were approached by the undercover agent both times between 5:00 and 6:00 p.m. and that no marijuana was sold to the undercover agent. In a subsequent proceeding to confiscate the pickup truck which appellant was driving, the undercover agent signed an affidavit that the first sale occurred on June 27th. The agent testified at trial that this was error.

The subpoena duces tecum issued by appellant asked for all of the reports made by the agent for the period beginning January 1, 1975 and ending September 1, 1975. However, at the hearing to quash the subpoena appellant indicated that a lesser time span would be sufficient. While we agree with the trial court that the request for the records from January 1, 1975 through September 1, 1975 would be too broad, in view of the possibility of a retrial, we cannot agree with the State's contentions that appellant was not entitled to any of the records. Appellant was entitled on rebuttal to show the method used by the undercover agent in making his weekly reports, how he calculated his time, and whom he contacted both before and after the alleged purchases involved. The method and manner used by the undercover agent in securing the several purchases made during the week of June 26th and the week of June 30th could also go to the extent of the punishment. Of course, in view of Ark. Rules of Crim. Proc. 17.1(d) which enjoins upon the prosecuting attorney the duty to furnish to defense counsel "any material or information . . . which tends to negate the guilt of the defendant . . . or would tend to reduce the punishment . . .", it may not be necessary for the appellant to seek a subpoena duces tecum for the weekly reports for the week of June 26th and the week of June 30th.

The other issues argued are not apt to arise upon a new trial.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.