Sammy GOODWIN *v*. STATE of Arkansas

CR 77-85                                          568 S.W. 2d 3

Opinion delivered July 3, 1978
(Division II)

858

*Guy Jones, Jr., Guy H. Jones, Phil Stratton,* and *Casey R. Jones,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Robert J. Govar,* Asst. Atty. Gen., for appellee.

JOHN A. FOGLEMAN, Justice. Sammy Goodwin was charged with possession of approximately one pound of marijuana with intent to deliver on May 5, 1975, with delivering a controlled substance (approximately one pound of marijuana) and with aiding and abetting Johnny Martin Williams in the delivery of amphetamines, also a controlled substance. He was found guilty of delivery of a controlled substance and aiding and abetting the delivery of a controlled substance in a consolidated trial, apparently on these three charges and another of a similar nature. Five points for reversal are urged and we find it necessary to reverse the judgment and remand the cases for a new trial.

The verdicts of the jury in the two cases in which appellant was found guilty were on forms supplied by the trial judge. The forms were prepared while trial counsel were engaged in arguments to the jury. The verdicts, with the portions filled in by the jury italicized, were as follows:

We, the jury, find the defendant guilty in Case No. CR 75-86, the sale of one pound of marijuana on April 2, 1975, and fix his punishment at *5* years in the Arkansas Penitentiary and/or a fine of *$5,000* (3 to 10 years in the penitentiary and/or a fine from zero to $15,000.)

We, the jury, find the defendant guilty in Case No. CR 75-87, aiding and abetting the sale of amphetamine tablets on May 1, 1975, and fix his punishment at *3* years in the Arkansas Penitentiary and/or a fine of *$3,-000* )3 to 10 years in the penitentiary and/or a fine of zero to $15,000.)

Appellant asserts that the jury was not instructed as to the possible penalty in either case, except by the forms submitted. The state concedes that point, arguing that the form adequately informed the jury as to the punishment possibilities in each case. The circuit judge's pronouncement of the sentence was as follows:

CR 75-86   5 years in the Arkansas State Penitentiary and a fine of $5,000.00. All other sentences are to run consecutively to this sentence.

CR 75-87   3 years in the Arkansas State Penitentiary and a fine of $3,000.00.

The only alternative form of verdict in both cases was a form for a finding of not guilty.

There is no indication in the record that appellant's attorneys ever had an opportunity to see the verdict forms before they were submitted or to register any objection to them. Since the judge had advised the attorneys that the forms would be prepared during oral argument, appellant had no occasion to specifically request jury instructions on the punishment. The state does not complain about appellant's failure to object to the forms submitted, apparently because the absence of an objection does not prejudice a party who has not had an opportunity to object to a ruling or order of a trial court under Rule 36.21, Rules of Criminal Procedure. See also, *Wells* v. *State,* 193 Ark. 1092, 104 S.W. 2d 451. Both parties to this appeal seem to have construed this rule to be applicable in these circumstances. Because of this, we will pass upon the question in this case, but we call attention to the fact that a defendant may raise such an objection at the time the verdict is returned, at the time of sentencing or by motion for new trial. See *Taylor* v. *State,* 187 Ark. 1164, 62 S.W. 2d 15; *Cargill* v. *State,* 76 Ark. 550, 90 S.W. 618; *State* v.

*Knight,* 259 Ark. 107, 533 S.W. 2d 488; Rule 36.22, Rules of Criminal Procedure; Ark. Stat. Ann. §§ 43-2303, -2304 (Repl. 1977). See also, *Coleman* v. *State,* 257 Ark. 538, 518 S.W. 2d 487. In cases tried after this date, we will not consider an assertion of error in the verdict form, when the issue has not been raised in the trial court in any manner or some adequate reason for not doing so is disclosed by the record.

Forms of verdict in cases in which fines may be imposed as either an alternative or a supplement to a prison sentence have in recent years caused an ever recurring problem. See *Byars* v. *State,* 259 Ark. 158, 533 S.W. 2d 175; *Brown* v. *State,* 261 Ark. 683, 550 S.W. 2d 776; *Shelton* v. *State,* 261 Ark. 816, 552 S.W. 2d 216. See also, *Rowland* v. *State,* 263 Ark. 77, 562 S.W. 2d 590 (1978). The use of the form submitted here might not have resulted in reversible error if the jury had been clearly instructed as to the punishment for the offenses, or if the jury had been asked to explain its intention after the verdict was returned. See *Brown* v. *State,* supra; *Byars* v. *State,* supra. But we cannot accept the state's suggestion that indication by the prosecuting attorney of possible punishment sanctions under applicable laws in voir dire of prospective jurors was an acceptable substitute for instruction by the trial judge. It is the function of the trial court, not trial counsel, to inform the jury as to the applicable law.

The state attempts to distinguish *Brown* and *Shelton.* It relies on the fact that here there was no instruction to the jury that was in apparent conflict with the verdict form, as there was in *Shelton.* The state points out that, since the range of possible fine on each form began with "zero," it was clear to the jury that no fine was required. For this reason, argues the state, *Brown* does not govern. Even so, we are unable to see how the trial judge could ascertain that the jury intended that both forms of punishment be imposed rather than one or the other. The jury did not indicate that it intended to leave sentencing to the trial judge, as it might have done. For this reason, and because we cannot correct the error by eliminating either form of punishment, the judgments must be reversed.

Another point raised by appellant requires a reversal. It has to do with exclusion of evidence. The principal evidence

supporting the jury verdicts finding appellant guilty was the testimony of Jerry Roberts. Roberts was an Arkansas State policeman assigned to the Drug Abuse Investigation Section and had been investigating narcotics traffic and obtaining evidence as a basis for prosecutions in Faulkner County, among others. He was operating "undercover" and wore poorly pressed pants or "faded-out" jeans, and a "hippy" shirt. When he was trying to buy drugs, he messed up his hair and rubbed dirt on his face and hands. During the course of his investigation in Faulkner County over a period of approximately three months, he met and came in contact with appellant.

We are unable to pass on the propriety of some of the items of evidence that were excluded over appellant's objection. One of these was some statement of Roberts, allegedly made in appellant's presence, to another officer at the time of appellant's arrest. Goodwin was prevented from completing his response to his attorney's inquiry about that statement by the prosecuting attorney's objection. The statement was never proffered in spite of the fact that appellant was given the opportunity to make proffer in camera on several items. Another item seems to relate to a charge on which appellant was acquitted.

Appellant also sought to contradict the testimony of Roberts on collateral matters pertaining to conduct of Roberts on wholly unrelated occasions, such as an alleged criminal act of Roberts in 1969, his alleged smoking of marijuana in the past, his alleged removal from a college for possession of alcohol and alleged threats by him to other persons. This testimony was not admissible, although cross-examination on those subjects was proper.

There is one item of testimony that was erroneously excluded. Appellant attempted to show by his own testimony that Roberts had sought to recruit him as an informer, offering to get all charges dismissed, but to make absolutely certain that appellant went to Cummins Prison Farm if he did not accept this proposal. This testimony had a bearing on possible bias of the witness and was admissible. Its exclusion was reversible error. *Frazier* v. *State,* 42 Ark. 70. In *Wright* v. *State,* 133 Ark. 16, 201 S.W. 1107, this subject was treated extensively and the matter settled. There we said:

\*\*\* The bias of a witness is not a collateral matter; but it was most important to the defendant to show that on numerous occasions the witness had expressed himself as having ill feelings towards the defendant, and that the ill feeling had been brought about because Wright as mayor had attempted to prohibit the witness and others from selling cigarettes and conducting gaming devices contrary to law. Pecuniary interest, personal affection or hostility, sympathy, or animosity, a quarrel or prejudice, may always be shown to discredit a witness. *Cornelius* v. *State,* 12 Ark. 782; *Crumpton* v. *State,* 52 Ark. 273, 12 S.W. 563; *Hollingsworth* v. *State,* 53 Ark. 387, 14 S.W. 41; *McCain* v. *State,* 195 S.W. 363, and cases cited. In *Hollingsworth* v. *State,* supra, the court said:

> "The appellant should have been permitted to prove that the witness had an interest and bias in the cause, by his statement disclosing it. Whether he could make such proof by those who heard the statement, without first interrogating the witness concerning it, we need not decide. Such would have been the better practice, and should be observed where it is practicable. That it must be followed we do not hold, for highest authorities upon the subject differ."

It seems that under these circumstances it was necessary that Roberts first deny the statements which would indicate bias. *Wright* v. *State,* supra; Ark. Stat. Ann. § 28-1001, Rules 613 (b), 801 (d) (1). See also, *Dixon* v. *State,* 189 Ark. 812, 75 S.W. 2d 242; *Peters* v. *State,* 103 Ark. 119, 146 S.W. 491; *U.S.* v. *Brown,* 547 F. 2d 438 (8 Cir., 1977), cert. den. sub. nom. *Hendrix* v. *U.S.,* 430 U.S. 937, 97 S. Ct. 1566, 51 L. Ed. 2d 784. A sufficient foundation for extrinsic evidence on the matter was laid in this case.

Appellant alleges that the court erred in refusing to suppress evidence obtained by a warrantless search, resulting in the seizure of one pound of marijuana taken from his motor vehicle on May 5, 1975, when he was first arrested. Appellant was acquitted on the charge of possession of this marijuana, in spite of the evidence of this seizure. This evidence may not

be offered on retrial on the charges of which appellant was found guilty. If offered to show intent, motive, etc., it should not be admitted if the evidence relating to the search is not different from that revealed by the abstract of the record in this appeal. It was beyond the scope of a lawful search incident to appellant's arrest, and the state has never sought to justify it on this ground. The state does contend that the vehicle, a pickup truck, was seized at the time of appellant's arrest because it had been used in the delivery of a controlled substance. The alleged authority for the seizure of the vehicle was Ark. Stat. Ann. § 82-2629 (Repl. 1976). The search, according to the state, was justified under Rule 12.6 (b), Rules of Criminal Procedure, authorizing a search of an impounded vehicle to the extent reasonably necessary for the safekeeping of the vehicle and its contents. The state's witness testified that inventory searches of seized vehicles are required by Arkansas State Police Department policies, rules and regulations.

The vehicle seizure was made upon the representation of Roberts to Officer Sparks of the Arkansas State Police that this vehicle had been used to transport narcotics. The truck was described as a 1955 model "white over green" Ford pickup truck bearing license No. BEI 236. We have been unable to find any evidence, however, that this particular truck had been used to transport controlled substances, as required for seizure under § 82-2629, assuming that a warrantless seizure would have otherwise been justified as incident to Goodwin's arrest. See Ark. Stat. Ann. § 82-2629 (b) (1) (Supp. 1977). Roberts testified that he had, on one occasion, had a casual discussion with Goodwin one night on a parking lot when Goodwin was in this truck and said he owned it. Roberts said, "We didn't make a case that day." Roberts said that Goodwin, on that occasion, invited him to a party at Hillcrest Apartments, where Goodwin lived, saying there were plenty of drugs there. There is no indication that any controlled substance was in the vehicle that day. On one occasion when Roberts said that he had a drug transaction with Goodwin and a man named Williams, Williams and Goodwin were in a 1968 Ford pickup truck bearing license No. EAF 652 on which a "camper" had been mounted.

On this record, the inventory search cannot be sustained because no basis for the seizure was established.

There is no merit to appellant's contention that the court erred in consolidating the cases in which he was charged and in denying his motion for severance. Appellant states that his attorney had no notice of the order of consolidation until three days before the date his trial started on August 20, 1976. The actual statement to the trial court was that the deputy prosecuting attorney handed the motion and order to him on "a Tuesday." He made no motion for severance until a pre-trial hearing held on August 20. The prosecuting attorney stated at that time that the motion had been served on appellant's attorney on July 28, which was the date it was filed. After the trial judge stated that he had received the motion at this time, appellant's attorney did not contradict this statement. The order was entered August 6. Since appellant did not resist the motion or move for severance until the date of the trial, more than three weeks after the filing of the motion to consolidate, he was in no position to complain. A motion for severance must be timely made before trial. Rule 22.1, Rules of Criminal Procedure.

For purposes of retrial, only two of the four consolidated charges remain. The charges were consolidated on the ground that they were of the same or similar character and based on a series of acts constituting a single scheme or plan. Their being of the same or similar character would have been a proper ground for joinder. Rule 21.1 (a), Rules of Criminal Procedure. These two charges were based on alleged deliveries of controlled substances on April 2, 1975, and on May 1, 1975. Although the substances were different, i.e., marijuana in one case and amphetamines in the other, the testimony of Roberts indicated that the deliveries were made during a course of dealings between him on the one hand and Goodwin and one Johnny Martin Williams on the other. The alleged delivery on April 2 was said by Roberts to have been made by Goodwin at the residence of Williams in a trailer park in Conway. The delivery on May 1, according to Roberts, was made by Williams in Goodwin's presence. Where offenses joined for trial are part of a single scheme or plan, the defendant is not entitled to severance as a matter of right. See Rule 22.2, Rules of Criminal Procedure.

Prior to the adoption of the Arkansas Rules of Criminal Procedure, we had held that severance was a matter lying in the sound discretion of the trial court. See *Ingram* v. *State,* 255 Ark. 6, 498 S.W. 2d 862. Generally, it was not error to consolidate two cases against the same defendant or defendants, if, as here, the charges could have been joined in one indictment or information. See *Atha* v. *State,* 215 Ark. 753, 223 S.W. 2d 188. The trial court's discretion may have been limited, to some extent, by the rules on joinder and severance, but it was unaffected in the situation presented here. See Rule 22.2 (b) (i), Commentary to Article VI, Rules of Criminal Procedure. We find no abuse of that discretion insofar as the two charges of which Goodwin was convicted are concerned.

Appellant says that the trial court committed reversible error in refusing to require the state to produce various records, reports and writings. Appellant filed a motion for discovery in each case. The motions were in general terms, asking for affidavits of complaining witnesses or copies of statements taken by any agent, servant or employee of the state, and a full description of material or physical evidence, a copy of any statement made by him and the result of any physical or mental examination of the defendant. The motion was granted, but appellant says that the state did not comply. Appellant also says that in spite of the fact that the state was ordered to produce all expense vouchers, checks, writings and documents relating to monetary transactions with Junior Caldwell, it was relieved from doing so at a pretrial hearing on the morning of his trial. The prosecuting attorney advised the court that he was not aware of the existence of any documents, that appellant's attorney had been advised of the fact that Izzy Dominey (also known as Junior Caldwell) had been paid by the state police, and that officers present would testify as to the amounts.

The order to the state to produce the documents had been entered on January 8, 1976. Appellant did not complain of non-compliance until the day of trial, when his attorney looked through the file and did not find any of the writings requested. When the trial judge asked appellant's attorney why he had not previously called the court's attention to the state's alleged failure, he only responded, "I was advised that it was to be done forthwith." In denying the motion, the trial

judge stated that it was incumbent upon appellant's attorney to report to the court if the order was not complied with and to ask the court's assistance.

Appellant invokes Rule 17.1, Rules of Criminal Procedure and *Brady* v. *Maryland,* 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The rule mandates disclosure by the prosecution to defense counsel of evidence or information which tends to negate the guilt of the defendant as to the offense charged or to reduce the punishment therefor. The *Brady* case holds that suppression by the prosecution of evidence favorable to the defendant violates due process. But *Brady* is directed to the discovery, after trial, of information known to the prosecution but not the defense. See *U.S.* v. *Agurs,* 427 U.S. 97, 96 S. Ct. 2392, 49 L. Ed. 2d 342 (1976).

It seems that appellant directs this argument to information about the informant, Junior Caldwell, and to written reports made by Roberts during the course of his investigation. There is not even an intimation that either contained any information of an exculpatory nature that was material to any issue, particularly in view of the state's admission as to Junior Caldwell. If suppression of evidence results in constitutional error, it is because of the character of the evidence and not that of the prosecutor. *U.S.* v. *Agurs,* supra.

Appellant also complains that Roberts refreshed his memory by reference to notes prepared from his original notes and that he had in his possession, while testifying, detailed reports on different incidents, but that the trial court refused his counsel's request that the witness be required to provide defense counsel with all these reports. The notes used by the witness were furnished, and actually introduced in evidence and appellant's attorney cross-examined the witness extensively about them. It developed that the prosecuting attorney also had a copy of the reports made by Roberts and the trial judge denied the request of appellant's attorney that this copy be produced. There is nothing in this record to indicate that Roberts' report contained anything which would tend to exculpate Goodwin or tend to result in a reduction of his punishment or, as a matter of fact, that it contained anything really material that would affect the outcome of the

trial. The prosecution was not obligated, by constitutional mandate, to make a complete and detailed accounting to the defense of all police investigatory work on the case. See *U.S.* v. *Agurs,* supra.

Appellant relies upon Rule 17.1 (a), Rules of Criminal Procedure, which requires, among other things, that the prosecuting attorney disclose to defense counsel any books, papers, or documents which the prosecuting attorney intends to use at trial or which were obtained from or belonged to the defendant. These reports were not offered in evidence and they certainly did not belong to the defendant. We find no abuse of the trial court's discretion on this score.[1] It appears from the record that appellant's attorney actually abandoned his efforts to obtain these reports after he was permitted to offer the officer's notes in evidence.

Appellant also invokes Rule 612, Ark. Stat. Ann. § 28-1001. Subsection (a) relates to writings used by a witness to refresh his memory while testifying. These notes were disclosed to appellant's attorney. Subsection (b) provides that an adverse party is entitled to a writing used by a witness to refresh his memory before testifying and for that purpose, if the court in its discretion determines that the interests of justice require that it be produced. This was a matter lying within the sound judicial discretion of the trial judge. We will not reverse his action unless there has been an abuse of his discretion. *Ponder* v. *Waters,* 257 Ark. 885, 520 S.W. 2d 302; *Peters* v. *State,* 248 Ark. 134, 450 S.W. 2d 276. We cannot say that there was an abuse of discretion in this case.

Appellant attempts to invoke Ark. Stat. Ann. § 28-1001, Rule 801 (d) and Rule 803 (5). We do not see how either has any application here.

The judgment is reversed and remanded.

We agree. GEORGE ROSE SMITH and HOLT and HICKMAN, JJ.

---

[1]The showing of materiality of the reports here does not approach that made in *Brown* v. *State,* supra, 261 Ark. 683, and that decision, relied upon by appellant, is inapplicable here.