Donald Paul FAUNA *v.* STATE of Arkansas

CR 79-7                                                    582 S.W. 2d 18

Opinion delivered June 11, 1979
(Division II)

*Michael Dabney*, for appellant.

*Steve Clark,* Atty. Gen., by: *Robert J. DeGostin, Jr.,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Following a jury trial, appellant was sentenced to 14 years for robbery and 8 additional years for the use of a firearm. For reversal he contends that the court unduly restricted his *voir dire* examination of the jurors. We must agree.

The scope of *voir dire* examination by counsel is largely within the sound judicial discretion of the trial court, and his limitation of that examination is not reversible on appeal unless it is a clear abuse of discretion. *Finch* v. *State,* 262 Ark. 313, 556 S.W. 2d 434 (1977). See also Ark. Stat. Ann. § 39-226 (Repl. 1962). This rule has not been materially affected by Ark. Stat. Ann. 4A, Rules of Crim. Proc., Rule 32.2 (Repl. 1977), which requires that the trial judge permit such questions by the defendant or his attorney as the judge deems reasonable and proper. *Finch* v. *State, supra.*

Here the appellant interposed insanity as a defense. Appellant's attorney sought to elicit from individual jurors their attitude toward this defense and the required proof. The court sometimes curtailed this examination by asking the juror or jurors if they would follow his instructions as to the law. In *Griffin* v. *State,* 239 Ark. 431, 389 S.W. 2d 900 (1965), we said:

> The court should have permitted counsel to question the veniremen as indicated. The mere fact that they stated that they would follow the law as given by the court was not necessarily sufficient to enable counsel to determine whether peremptory challenges should be exercised. There are very few people bold enough to say that they will not follow the law . . . In many instances, counsel decides whether to use a peremptory challenge not so much on what a venireman may say, but on how he says it.

See also *Cochran* v. *State,* 256 Ark. 99, 505 S.W. 2d 520 (1974).

Here we are of the view that the jurors' assurances to the court that they would follow the law did not focus their attention or attitude upon the issue of insanity sufficiently to permit trial counsel to exercise his right of peremptory challenges.

Appellant also asserts that the court erred in instructing the jury concerning the crime of robbery. No objection was made to the instruction. In the absence of an objection, we do not reach this assignment of error. Ark. Stat. Ann. Vol. 3A, Uniform Rules for Circuit and Chancery Courts, Rule 13 (Supp. 1977); and *Bousquet* v. *State*, 261 Ark. 263, 548 S.W. 2d 125 (1977). However, since it is possible that the alleged error might occur again at retrial, we observe the instruction was an incorrect statement of the law. Other alleged errors are not likely to reoccur and, therefore, we need not reach them.

Reversed and remanded.

We agree: HARRIS, C.J., and FOGLEMAN and PURTLE, JJ.