Henry C. COULTER *v.* STATE of Arkansas

CR 80-55 597 S.W. 2d 814

Supreme Court of Arkansas
Opinion delivered July 7, 1980

*E. Alvin Schay*, State Appellate Defender, by: *Ray Hartenstein*, Chief Deputy Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Mary Davis Scott*, Asst. Atty. Gen., for appellee.

RICHARD L. MAYS, Justice. Appellant, Henry C. Coulter, was sentenced to 32 years imprisonment as a habitual criminal, after a jury found him guilty of burglary and theft of property. Challenging only the theft of property conviction on appeal, appellant contends that the trial court erred in failing to submit the proper verdict forms to the jury. We affirm without reaching the merits of his argument since appellant failed to raise the issue in the trial court.

We have consistently held that objections as to verdict forms and jury instructions must be asserted in the trial court before they will be considered on appeal. See, e.g. *Spears* v. *State*, 264 Ark. 83, 568 S.W. 2d 492 (1978); *Rowland* v. *State*, 263 Ark. 77, 562 S.W. 2d 590 (1978); *Goodwin* v. *State*, 263 Ark. 856, 568 S.W. 2d 3 (1978), and *Fauna* v. *State*, 265 Ark. 934, 582 S.W. 2d 18 (1979). We disregard a failure to object in the trial court only when the error is so great that it could not have been cured by the trial judge and only then to pre-

vent a clear miscarriage of justice. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (March 24, 1980). We perceive nothing that we have said in the past to have relaxed the application of this principle. Obviously, if appellant had objected to the verdict forms or the instructions below, the trial judge could have corrected any error.

Affirmed.