Brenda CRENSHAW *v.* STATE of Arkansas

CA CR 80-57                                         609 S.W 2d 120
Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*Guy H. Jones, Phil Stratton, Guy Jones, Jr. & Casey Jones,* by: *Phil Stratton,* for appellant.

*Steve Clark,* Atty. Gen., by: *James F. Dowden,* Asst. Atty. Gen., for appellee.

JAMES H. PILKINTON, Judge. This is an appeal from a jury verdict, and judgment entered thereon, convicting the appellant of battery in the second degree in violation of Ark. Stat. Ann. § 41-1602 (Repl. 1977). At the trial appellant claimed self-defense and justification. Two points for reversal are argued.

I

At the close of the testimony, appellant requested that the court give AMCI 4105, as modified, by including subsection (a). The court refused to modify AMCI 4105 and gave it without modification. Appellant argues here that the trial court erred in not including subsection (a) which reads as follows:

(a) . . . (However, he is not required to retreat if he is in his dwelling and was not the original aggressor) . . .

We find no merit in this argument. In the first place, the record shows that appellant failed to object to the court's refusal to include subsection (a) in AMCI 4105, which was given. We do not have a "plain error" rule in Arkansas. See *Wicks* v. *State*, 270 Ark. 781, 606 S.W. 2d 366 (1980) (Arkansas Supreme Court opinion delivered October 20, 1980). It is well settled that an argument for reversal will not be considered on the appellate level in the absence of an appropriate objection in the trial court. Also we note that the appellant failed to abstract any of the jury instructions. The state has supplied a supplemental abstract of the instructions given; however, we do not have before us the exact wording of the instruction offered by the appellant which the court refused to give. See *Ellis* v. *State*, 267 Ark. 5, 590 S.W. 2d 309 (Ark. App. 1979) and *Vial* v. *State*, 267 Ark. 1078, 593 S.W. 2d 491 (Ark. App. 1980). We would also note that the trial judge stated he was refusing the offered instruction because the undisputed evidence showed that appellant was not in her dwelling, and the fight did not occur in her house as defined by statute.

II

Appellant's point II is based on the trial court's refusal

to give the jury a verdict form on the offense of battery in the third degree. As in point I, appellant has failed to abstract the verdict form which was refused, and to abstract any discussion between the court and counsel concerning the form of the verdicts to be submitted. Appellant did, however, include some of the discussion in her brief. The record is also silent concerning any objections made on the trial level to the court's action in refusing to submit to the jury a verdict form on third degree battery. The Arkansas Supreme Court has covered the failure to object to verdict forms in two recent cases. See *Goodwin* v. *State*, 263 Ark. 856, 568 S.W. 2d 3 (1978) and *Coulter* v. *State*, 269 Ark. 537, 597 S.W. 2d 814 (1980).

In the *Coulter* case the court said:

■ Appellant, Henry C. Coulter, was sentenced to 32 years imprisonment as a habitual criminal, after a jury found him guilty of burglary and theft of property. Challenging only the theft of property conviction on appeal, appellant contends that the trial court erred in failing to submit the proper verdict forms to the jury. We affirm without reaching the merits of his argument since appellant failed to raise the issue in the trial court.

■ We have consistently held that objections as to verdict forms and jury instructions must be asserted in the trial court before they will be considered on appeal. See, e.g. *Spears* v. *State*, 264 Ark. 83, 568 S.W. 2d 492 (1978); *Rowland* v. *State*, 263 Ark. 77, 562 S.W. 2d 590 (1978) *Goodwin* v. *State*, 263 Ark. 856, 568 S.W. 2d 3 (1978); and *Fauna* v. *State*, 265 Ark. 934, 582 S.W. 2d 18 (1979). We disregard a failure to object in the trial court only when the error is so great that it could not have been cured by the trial judge and only then to prevent a clear miscarriage of justice. *Smith* v. *State*, 268 Ark. 282, 595 S.W. 2d 671 (March 24, 1980). We perceive nothing that we have said in the past to have relaxed the application of this principle.

The trial court is not obligated to charge the jury with respect to an included offense unless there is a rational basis

for a possible verdict acquitting the defendant of the offense charged and for convicting of the included offense. Ark. Stat. Ann. § 41-105(3) (Repl. 1977). In the case before us the defendant-appellant was either guilty of the greater charge or nothing at all. *Parker* v. *State*, 258 Ark. 880, 529 S.W. 2d 860 (1975).

This record shows that when the court first instructed the jury the lesser charge of battery in the third degree was included; however, before the case was submitted to the jury, the trial court withdrew the instruction on third degree battery, and submitted to the jury only two verdict forms, one to be used if the jury found the defendant guilty of battery in the second degree, and another to be used in the event the jury found the defendant not guilty of battery in the second degree, or had a reasonable doubt of her guilt on that charge. As stated above, if appellant made any objection to the court's action with reference to the instructions, or the verdict forms, it is not abstracted. No adequate reason for failing to object is disclosed by the record.

Affirmed.