## Michael SANDERS *v.* STATE of Arkansas

CR 82-144                                   646 S.W.2d 14

### Supreme Court of Arkansas
### Opinion delivered February 21, 1983

*David H. White,* for appellant.

*Steve Clark,* Atty. Gen., by: *William C. Mann, III,* Asst. Atty. Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted by a jury in Fulton County and sentenced to forty years for rape and five years for burglary. On appeal he alleges the trial court erred in allowing the prosecuting attorney to improperly voir dire the jury. We do not find prejudicial error even though the conduct by the prosecuting attorney was out of line.

The only facts relevant to this opinion relate to voir dire of the jury by the state. Therefore, it will be necessary to set out part of the record as it occurred in the courtroom. The following is a part of the jury voir dire by the state:

> State: Now, let me ask you this and let's visit here just a minute. As His Honor has indicated to you, we're dealing here with three separate charges in this, one of aggravated assault, one of burglary, and one of rape. Now, ladies and gentlemen, this is a series of serious crimes that have been committed right here in Salem, Arkansas, and I know that the first thing that runs across your mind is that when you say, well, that there has been a rape committed here in Salem, Arkansas, is that the same thing that runs across my mind or most people's mind that live up here in the hills, you say, no, that just doesn't happen here — (objection by defense)
>
> Court: If you would, just get to your questions, Mr. Hively.
>
> State: Yes, Sir, I'm just laying the foundation.
>
> Court: Yeah. Well, go ahead.
>
> State: And what I was getting at, ladies and gentlemen, is this. The people who enacted the laws of the State of Arkansas have said that, and I anticipate His Honor will so instruct you, that for the crime of rape, assuming that you find the defendant guilty — (objection by defense)
> . . .
> State: As I was saying, ladies and gentlemen of the jury, the people who enacted the laws of the State of Arkansas that we live by have said that a person's home, the home that they live in, is their castle that they live in, and that if someone enters that home with the intention of committing a crime therein, that they should be charged for that and they said that is burglary, because you and me and everyone of us should be secure in our homes, and they said that the crime of burglary, if you

find a defendant guilty of that, could carry a — (objection by defense)

Several such rambling discourses were made despite objections by the defense. They were not in the form of questions to the jury but were the type statements usually made in opening statements or closing arguments.

The purpose of voir dire examination is (1) to discover if there is any basis for challenge for cause, and (2) to gain knowledge for the intelligent exercise of peremptory challenges. A.R.Cr.P. Rule 32.2. The extent and scope of voir dire is generally within the sound discretion of the trial judge. *Fauna* v. *State*, 265 Ark. 934, 582 S.W.2d 18 (1979). Unless the trial court's discretion is clearly abused it will not be reversed on appeal. *Finch* v. *State*, 262 Ark. 313, 556 S.W.2d 434 (1977). The parties cannot use voir dire solely for the purpose of getting acquainted with the jury, nor is voir dire an unlimited proceeding. *Van Cleave* v. *State*, 268 Ark. 514, 598 S.W.2d 65 (1980). The trial court, however, should not unduly limit the extent of voir dire. *Fauna* v. *State*, supra. Although the trial court permitted the prosecuting attorney to go beyond the purpose of voir dire, there was no motion for a mistrial or admonition, therefore, we do not find prejudicial error.

Affirmed.