Terry NUTT and Jerry Nutt *v.* STATE of Arkansas

CR 92-1095                                      848 S.W.2d 427

Supreme Court of Arkansas
Opinion delivered March 8, 1993

*Gregory E. Bryant*, for appellants.

*Winston Bryant*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Appellants were jointly tried and convicted of second degree murder. On appeal, they contend that the trial court improperly interfered with their voir dire examination. The appeal is without merit, and we affirm the judgments of conviction.

During voir dire appellants' counsel began to recite the facts he thought would be proved during the trial. Perhaps before appellants' counsel had finished his recitation of facts, and clearly before any of the jurors had a chance to respond, the deputy prosecutor asked if counsel could approach the bench and, out of the hearing of the jury, objected to the factual recitation. The trial court ruled by advising appellants' counsel that at the time they were conducting voir dire examination, and not giving opening statements. Appellants' counsel responded that, after stating the facts, he intended to ask the jurors if they would accept his theory of the case and accept his defense. The trial judge advised appellants' attorney that he could not recite a set of facts and then seek to commit the prospective jurors to a decision in advance on those facts. Appellants' counsel asked a number of questions without objection and then asked the trial court for a clarification of its earlier ruling. Out of the hearing of the jury, the trial court responded that counsel might ask "about specific subjects, about the prospective juror's views on particular defenses, such as insanity defenses; however, you may not question them in regard to the facts expected to be proved at the trial and thus commit the jury to a decision in advance."

Appellants contend the trial court's ruling erroneously prevented them from inquiring into prospective jurors' views regarding their theory of defense. The ruling of the trial court was eminently correct. The purposes of voir dire examination are to discover if there is any basis for challenges for cause and to gain knowledge for the intelligent exercise of peremptory challenges. A.R.Cr.P. Rule 32.2; *Sanders* v. *State*, 278 Ark. 420, 646 S.W.2d 14 (1983). Those purposes do not include an attempt to commit the jurors to a decision in advance. In *Hobbs* v. *State*, 277 Ark. 271, 275-76, 641 S.W.2d 9, 12 (1982), we wrote,

"[P]rospective jurors may not be questioned with respect to a hypothetical set of facts expected to be proved at trial and thus commit the jury to a decision in advance, but . . . they may be questioned . . . about their mental attitude toward certain types of evidence, such as circumstantial evidence."

Affirmed.