## McCABE v. STATE.

### Opinion delivered September 26, 1921.

1. HOMICIDE—KILLING IN ATTEMPT TO COMMIT FELONY.—Under an
   indictment alleging a killing by defendant and another "unlaw-
   fully, wilfully, feloniously and with malice aforethought and
   with deliberation and premeditation", there may be a convic-
   tion for murder committed in the perpetration of, or in the at-
   tempt to perpetrate, a felony, if the killing was done with
   malice aforethought.

2. CRIMINAL LAW—DECLARATIONS OF FELLOW CONSPIRATOR.— Where
   a person is charged as principal in the commission of a crime,
   the acts and declarations of a co-conspirator, done or made
   in defendant's absence and after the consummation of the of-
   fense, are inadmissible against defendant.

Appeal from Sebastian Circuit Court, Fort Smith
District; *John Brizzolara,* Judge; reversed.

*Jno. B. Hiner,* for appellant.

*J. S. Utley,* Attorney General; *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

1. There was no error in the action of the trial
court in permitting the State to make proof of the
amount of money in the possession of deceased just prior
to the commission of the offense.

The defendant was indicted under the provisions of the first part of § 2343 of Crawford & Moses' Digest. The indictment did not allege that the murder was committed in the perpetration of or in the attempt to perpetrate a robbery.

The defendant was convicted of murder in the second degree; therefore, there was no error committed by the trial court, and its reference to the charge of murder in the first degree was harmless. 60 Ark. 76; 73 Ark. 280; 113 Ark. 142; 129 Ark. 324; 132 Ark. 416.

2. The court did not err in permitting Ross to testify as to the conversation he had with Jones relative to the killing, in the absence of the defendant. Sec. 2311, Crawford & Moses' Digest; 104 Ark. 245; 16 Corpus Juris, p. 669; 130 Ark. 111; 129 Ark. 316.

3. The court did not err in refusing to give to the jury the defendant's requested instruction Number 1. It was not the law.

McCulloch, C. J. Appellant was jointly indicted with one Willard Jones for the crime of murder in the first degree, alleged to have been committed by killing Robert Couch. On a severance appellant was tried separately, and was convicted of murder in the second degree.

The evidence adduced by the State tended to show that, while appellant and Couch were walking through the railroad yards at Fort Smith one night about 9:30 o'clock in December, 1920, Couch was shot and killed by Willard Jones in an attempt to rob Couch. The theory of the State is that appellant and Jones had formed a conspiracy between them to kill Couch, and that appellant was present when Jones committed the homicide.

It is not charged in the indictment that the homicide was committed "in the perpetration of or in the attempt to perpetrate arson, rape, robbery, burglary or larceny," but it is charged that the killing was done by Jones and appellant "unlawfully, wilfully, feloniously and with

malice aforethought and with deliberation and premedi-
tation.'' The statute defines murder in the first degree
to be homicides ''which shall be perpetrated by means
of poison, or 'by lying in wait, or by any other kind of
wilful, deliberate, malicious and premeditated killing, or
which shall be committed in the perpetration of or in the
attempt to perpetrate arson, rape, burglary, robbery or
larceny.'' Crawford & Moses' Digest, § 2343.

An indictment charging malicious and premeditated
homicide does not include murder committed in
the perpetration of or in the attempt to per-
petrate one of the felonies mentioned in the
statute, unless the element of malice aforethought
is present in the commission of the crime; but under such
an indictment there can be a conviction for homicide
committed in the perpetration of or in the attempt to per-
petrate a felony if the killing was done with malice afore-
thought. *Rayburn* v. *State,* 69 Ark. 177. Malice might
exist in the commission of the homicide, even though the
primary purpose of the offender was to commit another
felony, and it is generally a question for the jury to de-
termine whether or not the crime was committed with
malice aforethought, even though it was done in the per-
petration of or in the attempt to perpetrate another-fel-
ony of the kind mentioned in the statute.

After appellant was arrested, he pointed out Jones
to the officers as the man who had shot Couch, and the
court permitted the officer to testify concerning state-
ments made by Jones in appellant's absence and after
Jones had been arrested. The statements of Jones to the
officer, according to the latter's testimony, were very
damaging to appellant, and, if the testimony was inad-
missible, the ruling of the court in allowing it to be in-
troduced necessarily calls for a reversal of the judgment.
We are clearly of the opinion that the testimony is inad-
missible, for at most it related only to the statements of a
co-conspirator in the absence of appellant after the con-
summation of the act, and was mere hearsay.

Appellant was indicted as a principal and not as an accessory, and it was therefore not competent for the State to prove appellant's participation in the crime by Jones' admissions made in appellant's absence. Under our statutes persons who are present aiding and abetting in the commission of a crime are principal offenders and not accessories and must be indicted and convicted as principals. Crawford & Moses' Digest, § 2311. Under an indictment for being an accessory to a crime, any evidence admissible upon the trial of the principal, including confessions, is admissible against the accessory, for the purpose of establishing the commission of the crime by the principal. 16 Corpus Juris, 669. But where a person is charged as principal in the commission of a crime, the acts and declarations of a co-participant in his absence and after the consummation of the offense are not admissible. The distinction is pointed out in the decision under a similar statute in the case of *State* v. *Bogue*, 52 Kan. 79. It is a well-settled principle in the law of evidence that acts and declarations of a co-conspirator are inadmissible against another in the latter's absence and after the consummation of the conspiratorial act.

For the error of the court in improperly admitting the testimony of the witness concerning statements of Jones in the absence of appellant, the judgment is reversed and the cause remanded for a new trial.