BOGUE v. STATE.

Opinion delivered March 6, 1922.

1. HOMICIDE—PROOF OF CHARACTER OF DECEASED.—Under the plea of self-defense in a prosecution for killing another, it is competent for defendant to show the general reputation of the deceased as a violent, dangerous character, to enable the jury to determine who was the aggressor, but the reputation must be established by proof, not of specific acts of bad conduct, but of the deceased's general character.

2. WITNESSES — CROSS-EXAMINATION — IMPEACHMENT. — While the State, in cross-examining accused in a homicide case, touching his illicit relations with a woman as a test of his credibility, the State is bound by his answers and cannot contradict him in reference thereto.

3. CRIMINAL LAW—ADMISSIBILITY OF EVIDENCE—OBJECTION.—The admission of incompetent evidence is not reversible error where no objection was made to its admission.

4. WITNESSES—CROSS-EXAMINATION—IMPEACHMENT OF ACCUSED.— Where the State was permitted to cross-examine one accused of murder as to his illicit relationship with a certain woman, and to prove without objection that he associated with her, it was prejudicial error to allow the State, over his objection, to prove that the woman was a lewd character.

Appeal from Sebastian Circuit Court, Ft. Smith District; *John Brizzolara,* Judge; reversed.

*Webb Covington,* for appellant.

The testimony as to the bad character of deceased, his own admissions as to the crimes he had committed, and his record in this State, taken together, constituted his general reputation for being a dangerous man, and should have been permitted to go to the jury. *Jett* v. *State,* 151 Ark. 439.

The court erred in admitting the testimony as to alleged relations between appellant and Lorena Montgomery which he denied, and to further prove that she was a woman of lewd character.

The evidence does not sustain the verdict.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *Wm. T. Hammock,* Assistants.

The general reputation of a person cannot be attacked by proof of particular and specific acts or bad conduct. *Jett* v. *State,* ms. op.; 88 Ark. 261; 100 Ark. 561; 38 Ark. 498; 29 Ark. 248; 108 Ark. 124; 148 Ark. 466.

It was not improper for the State to interrogate appellant, on cross-examination, relative to his immoral conduct, for the purpose of testing his credibility. 104 Ark. 162; 78 Ark. 284. Nor was any error committed in proving the character of the Montgomery woman, as appellant denied associating with her.

HUMPHREYS, J.   Appellant was convicted of voluntary manslaughter for killing Chris Karrantulias in a rooming house in the city of Ft. Smith, and as punishment therefor was given a sentence of five years in the State penitentiary. From the judgment of conviction an appeal has been duly prosecuted to this court.

Appellant's plea to the charge was self-defense, and, for the purpose of showing that the deceased was the aggressor in the fatal encounter, proved, over the objection of the State, by Midge Gillim, a woman with whom deceased had lived for a number of years, that deceased frequently boasted in her presence of having killed two men and a boy in Greece, his home country, for which he had served a term of eight years in the penitentiary. After the evidence had gone to the jury, the court ruled that the evidence was inadmissible and withdrew it from their consideration, over the objection of appellant. Appellant contends that the court committed reversible error in withdrawing the evidence.

Under a plea of self-defense it is competent for a defendant to show the general reputation of a deceased slain by him as a violent dangerous character, for the purpose of enabling the jury to determine who was the probable aggressor in the affray. The reputation of the deceased, however, cannot be established by proof of specific acts of bad conduct. The proof must relate to the general character of the deceased. In support of the rule see *Jett* v. *State,* 151 Ark. 439, and cases therein cited

to the point. No error was committed in excluding the evidence, as it was inadmissible in the first instance.

In the course of the trial the State was permitted to inquire of appellant whether Lorena Montgomery had supported him for some time, and whether he had been associating with her. In order to establish the relationship between appellant and Lorena Montgomery, appellant was asked whether he had cashed checks drawn by Lorena Montgomery, whereupon the production of the checks was demanded by appellant's counsel. The checks were produced, and, over the objection of appellant, he was required to write figures and words appearing in the checks, as well as his name, so that the writing might be compared with the figures and writing on the checks. The State was also permitted, without objection on the part of appellant, to prove by Andrew Georges that he had seen appellant and Lorena Montgomery associating together in public places on many occasions. It was improper, either by the introduction of the checks or the direct testimony of Andrew Georges, to contradict appellant's testimony concerning his association with Lorena Montgomery. It is within the well established rule to inquire of an accused, on cross-examination, touching his illicit relations as a test of his credibility. *Benton* v. *State*, 78 Ark. 284; *Rhea* v. *State*, 104 Ark. 162. The State, however, is bound by his answers and cannot contradict him in that regard. No reversible error was committed, however, in the instant case in the admission of the evidence contradicting appellant in reference to his associations with Lorena Montgomery, because he made no objection and saved no exception to the admission of the evidence. But, after this evidence had been adduced, the State went further, and, over the objection of appellant, showed that Lorena Montgomery was a lewd character. This evidence was collateral and inadmissible. It is argued by the State that no prejudice resulted to appellant on account of the proof of Lorena Montgomery's bad reputation because he denied any as-

sociation with her. There was proof tending to show that he associated with her and that she supported him, which the jury might have believed. Nothing would tend to break down the credibility of a man quicker than to show that he associated with and was supported by a woman of lewd character. This evidence was therefore prejudicial to appellant, and, being collateral in its nature, was erroneously admitted.

There are other assignments of error which we need not consider, as they will not likely recur in a new trial of the cause.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.