MORGAN v. STATE.

Opinion delivered June 5, 1922.

1. CRIMINAL LAW—ACTS AND DECLARATIONS OF ACCOMPLICE.—Where accused, together with another, was charged with burglary and grand larceny, it was error to admit evidence that the accomplice, after the offense was committed, stated that he had found stolen articles in his overcoat pocket which he loaned to accused before the offense and which accused returned after the offense.

2.  WITNESSES—CROSS-EXAMINATION OF ACCUSED.—On cross-examina-
    tion of the accused in a burglary and larceny case, it was proper
    to permit the State to ask him whether he had committed larceny
    on a prior occasion.

3.  WITNESSES—CROSS-EXAMINATION OF ACCUSED—IMPEACHMENT.—In
    a prosecution for burglary and grand larceny, in which the ac-
    cused on cross-examination was asked whether he had committed
    larceny on a prior occasion, his answer that he had done so was
    binding on the State, and he could not be impeached by showing
    that he had done so.

Appeal from Newton Circuit Court; *J. M. Shinn,*
Judge; reversed.

*Ben E. McFerrin,* for appellant.

*J. S. Utley.* Attorney General, *Elbert Godwin* and
*Wm. T. Hammock,* assistants for appellee.

HUMPHREYS, J. Appellant was indicted jointly with
Tom Carter, at the January term, 1922, of the Newton
Circuit Court, for the crime of burglary and grand lar-
ceny. He was granted a severance and tried separately,
which resulted in his conviction for grand larceny. From
the judgment of conviction an appeal has been duly pros-
ecuted to this court.

The first count of the indictment charges Tom Car-
ter and appellant with burglarizing the store of S. M.
Stacey & Son, at Jasper, on the night of the 10th of Janu-
ary, 1922. The second count of the indictment charged
them with grand larceny of certain moneys and goods,
particularly described, in said store on the same night,
belonging to S. M. Stacey & Son. The next morning after
the store had been entered and the larceny committed
Tom Carter's house was searched and a sack of pennies
which had been stolen were found in the bottom of his
trunk, and a part of the goods, including shaving brushes
and tobacco, were found in his kitchen cupboard. In the
course of the trial the sheriff, Sam Hudson, and Rosco
Stacey were permitted to testify, over appellant's ob-
jections and exceptions, that after their arrest Tom
Carter stated to them that he found stolen articles in the
pocket of his overcoat which he had loaned to appellant

before the Stacey store was burglarized and which appellant returned to him the next day after the alleged burglary. It is conceded by the learned Attorney General that the trial court committed reversible error in admitting this testimony. The confession of error is based upon the rule announced by this court in the case of *McCabe* v. *State*, 149 Ark. 585, in the following language: ''Where a person is charged as principal in the commission of a crime, the acts and declarations of a co-participant in his absence, and after the commission of the offense, are not admissible.''

Appellant also insists that reversible error was committed in admitting testimony tending to show that appellant was guilty of other larcenies. The introduction of this evidence came about in this way: Appellant testified in his own behalf. On cross-examination he was questioned as to whether he had not stolen a pair of shears or scissors out of the mail. (Appellant was a rural mail carrier). Appellant answered, denying that he had done so. These questions, on cross-examination of appellant, were proper as going to his credibility, but the State was bound by his answer, and had no right to contradict him by other witnesses. *Bogue* v. *State*, 152 Ark. 378. The postmaster, J. H. Kilgore, was permitted, over appellant's objection and exception, to give testimony tending to show that appellant had stolen a pair of scissors and a bridle out of the mail sack. Proof of the separate larcenies were not a part of a plan or scheme which would tend to convict appellant of the particular crime charged in this indictment. The admission of the evidence constituted reversible error.

For the errors indicated, the judgment is reversed and the cause remanded for a new trial.