Gary BRAZEL *v*. STATE of Arkansas

CR 88-82                                                759 S.W.2d 28

Supreme Court of Arkansas
Opinion delivered October 24, 1988

*Witt Law Firm, P.C.,* by: *Ernie Witt,* for appellant.

*Steve Clark,* Att'y Gen., by: *Joseph V. Svoboda,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. Appellant was charged with the capital felony murder of Steve Alexander. The jury found him guilty of murder in the first degree, recommending a sentence of forty years in the Department of Correction. Appellant alleges a number of errors in the proceedings below but none requires reversal.

The first contention is that the defendant was unduly restricted in the voir dire of a prospective juror, necessitating the use of a peremptory challenge by the defense. When counsel said to a member of the panel, "The burden of proof in this case is with the State of Arkansas, to prove him guilty beyond a reasonable doubt," the state objected on the grounds that the question was "getting into instructions." The court sustained the objection noting that the jury had not yet been instructed on the burden of proof. The court then refused a defense request to read the instruction to the jury.

While the trial court has broad discretion in the management of the voir dire examination, *Sanders* v. *State,* 278 Ark. 420, 646 S.W.2d 14 (1983), and *Fauna* v. *State,* 265 Ark. 934, 582 S.W.2d 18 (1979), we think an objection was premature when counsel simply stated preliminarily that the state's burden

of proof was beyond a reasonable doubt. Presumably counsel intended by follow-up questions to ask the juror if she were capable of holding the state to that requirement. The mere fact some inquiry on voir dire may touch on the instructions later to be given does not per se render such questions beyond the scope of voir dire. However, as the state points out, the peremptory challenges were not exhausted by the defense and, hence, the appellant was not required to take a juror he might otherwise have excused. *Scherrer v. State*, 294 Ark. 227, 742 S.W.2d 877 (1988).

Second, appellant urges that it was highly prejudicial for the prosecutor to compare the appellant and an accomplice, John Heinzel, to Paul Ruiz and Earl Van Denton. The specific remark, made during opening statement was, ". . . They told everybody in the country about it, but instead of being sorry for what they did, and feeling remorse, all they have done is bragged about it, thinking what big men they are. They are celebrities now. Almost on the plane of Ruiz and Denton." The trial court promptly and properly admonished the jury to disregard the remarks and we cannot say the occurrence so manifestly undermined the fairness of the trial that it could not continue. *Ronning v. State*, 295 Ark. 228, 748 S.W.2d 633 (1988). The determination of whether a mistrial is called for is within the sound discretion of the trial court and we cannot say that discretion was clearly abused in this instance.

Third, after appellant's confession was read to the jury by the officer to whom it was given, the statement was introduced in its entirety over the objection of the defense that it was repetitive and cumulative. A.R.E. Rule 403. We readily agree that the court has the power to exclude evidence, even though relevant and material, if it is cumulative or impedes the progress of the trial. However, the trial judge deemed this evidence admissible and that decision was discretionary. *Beed v. State*, 271 Ark. 526, 609 S.W.2d 898 (1980).

Fourth, appellant maintains that it was error for the trial court to admit, over a hearsay objection, the confession of a co-conspirator, John Heinzel, whose trial had been severed from the appellant. The confession, given some three weeks after the crime, admitted Heinzel's participation in a plot with appellant to

lure the victim into a wooded area, on the pretext of finding marijuana, where he was shot by the appellant.

The law permits the introduction of a statement by a co-conspirator made during the course of, and in furtherance of, the conspiracy. *Spears* v. *State*, 280 Ark. 577, 660 S.W.2d 913 (1983); A.R.E. Rule 801(d)(2)(V). We agree with the appellant, that this statement did not occur during the course of the conspiracy or in furtherance of it. It was given almost four weeks after the crime and was patently a confession of the declarant's role in the crime. It should not have been admitted.

However, we agree with the state that the statement could not have prejudiced the appellant. The appellant gave a full and detailed account of his actions, including the admission that he shot the victim in the back of the head with a .12 gauge shotgun. We have examined the Heinzel statement carefully and we find few areas, and none material, where the two statements conflict. In fact, the Heinzel statement tends to support the two theories argued most strongly by the defense — i.e. that the victim was shot only once, rather than twice as the state contended, and appellant's motivation for the killing was at the urging of appellant's stepfather. The appellant's own confession and testimony would have fully supported a verdict of guilty to the charge of capital murder, yet the jury found the appellant guilty only of first degree murder and recommended a sentence of forty years. We cannot conclude that the defense was harmed by the admission of this evidence.

Finally, we do not believe the trial court was obliged to declare a mistrial when Officer Eisenhower was asked if he had seen or heard the defendant try to "concoct some story" about the crime. The witness answered that he had heard through other people that the defendant had tried to get them to testify to what he wanted them to say. The trial court immediately instructed the jury to disregard the question and the answer. A mistrial is an extreme remedy and we regard the timely admonition as adequate.

While we do not suggest the trial was error free, we do conclude that the proof that appellant planned and executed the crime with which he was charged was overwhelming and the jury's verdict was in no sense disproportionate. *Berna* v. *State*,

282 Ark. 563, 670 S.W.2d 434 (1984), *cert. denied,* 470 U.S. 1085 (1985).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. It was clearly prejudicial error for the trial court to have admitted into evidence during the trial-in-chief the statement of a codefendant whose trial had been severed from that of the appellant. It is axiomatic that the statement of a co-conspirator, made during the course of and in furtherance of the conspiracy, may be introduced by the state, under certain circumstances. See ARE 801(d)(2)(v). Moreover, I wholeheartedly agree with the majority that the statement at issue here "was not in any sense [made] during the course of the conspiracy nor in furtherance of it." Indeed, this "statement" was taken at police headquarters some three and one-half weeks after the commission of the murder and implicated the appellant as well as the declarant. However, to hold that the introduction of a codefendant's signed "confession" was "harmless error" is almost beyond belief.

At trial the state attempted to justify the introduction of the codefendant's hearsay statement under ARE 801(d)(2). On appeal the state also argues it was admissible under ARE 803(24). The state switched horses in the middle of the stream. We do not allow defendants to do that. I am of the opinion that the codefendant's statement was not admissible under any rule or precedent. If we are to give ARE 801(d)(2) a practical and literal interpretation, this codefendant's "confession" is simply not admissible against this appellant. The majority is unable to cite any precedent to support this holding. Conceding that the admission of the codefendant's statement was error, the majority then sweeps this error under the rug with that catch-all phrase "harmless error."

The appellant had no choice but to take the stand after the state was allowed to introduce the codefendant's statement. He was deprived of his right to remain silent as provided by the Fifth Amendment, and completely denied any opportunity for confrontation as provided by the Sixth Amendment. Harmless error? Absolutely not.

Acts and declarations of a co-conspirator are inadmissible against a codefendant, when such acts or declarations were made in the latter's absence and after the consummation of the conspiratorial act. *McCabe* v. *State*, 149 Ark. 585, 233 S.W. 771 (1921). The practice approved by the majority today cannot stand without weakening many of the rights long thought to have been guaranteed to the citizens of this Republic. The chief constitutional infirmity is quite simply that there was absolutely no opportunity for confrontation.

The admission at a joint trial of a codefendant's statement, implicating another defendant, even though the jury is instructed to disregard the parts implicating the defendant, was ruled unconstitutional *and* prejudicial in *Bruton* v. *United States*, 391 U.S. 123 (1968). The court there stated:

> We, of course, acknowledge the impossibility of determining whether in fact the jury did or did not ignore Evans' statement inculpating petitioner in determining petitioner's guilt.

Thereafter, only "Brutonized" statements of codefendants were admitted into evidence against a defendant at a joint trial. The decision in *Bruton* was recently reaffirmed in *Lee* v. *Illinois*, 476 U.S. 530 (1986), where the court stated:

> Our cases recognize that this truthfinding function of the Confrontation Clause is uniquely threatened when an accomplice's confession is sought to be introduced against a criminal defendant without the benefit of cross-examination.

> "Due to his strong motivation to implicate the defendant and to exonerate himself, a codefendant's statements about what the defendant said or did are less credible than ordinary hearsay evidence." *Bruton* v. *United States*, supra.

Thus, in *Douglas* v. *Alabama*, 380 U.S. 415, 13 L Ed 2d 934, 85 S Ct 1074 (1965), we reversed a conviction because a confession purportedly made by the defendant's accomplice was read to the jury by the prosecutor.

Over the years since Douglas, the Court has spoken with

one voice in declaring presumptively unreliable accomplices' confessions that incriminate defendants.

Our ruling in Bruton illustrates the extent of the Court's concern that the admission of this type of evidence will distort the truthfinding process. In Bruton, we held that the Confrontation Clause rights of the petitioner were violated when his codefendant's confession was admitted at their joint trial, despite the fact that the judge in that case had carefully instructed the jury that the confession was admissible only against the codefendant.

Even more recently, the fundamental requirements of the Confrontation Clause were again examined in *Cruz* v. *United States*, 481 U.S. ___, 107 S. Ct. 1714 (1987), where Justice Scalia, speaking for the court, stated:

> In *Bruton* v. *United States*, 391 U.S. 123, 20 L Ed 2d 476, 88 S Ct. 1620 (1968), we held that a defendant is deprived of his rights under the Confrontation Clause when his codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. In *Parker* v. *Randolph*, 442 U.S. 62, 60 L Ed 2d 713, 99 S Ct 2132 (1979), we considered, but were unable authoritatively to resolve, the question whether Bruton applies where the defendant's own confession, corroborating that of his codefendant, is introduced against him. We resolve that question today.

> The Confrontation Clause of the Sixth Amendment guarantees the right of a criminal defendant "to be confronted with the witnesses against him." We have held that that guarantee, extended against the States by the Fourteenth Amendment, includes the right to cross-examine witnesses. See *Pointer* v. *Texas*, 380 US 400, 404, 13 L Ed 2d 923, 85 S Ct 1065 (1965). Where two or more defendants are tried jointly, therefore, the pretrial confession of one of them that implicates the others is not admissible against the others unless the confessing defendant waives his Fifth Amendment rights so as to permit cross-examination.

Needless to say, if a codefendant's "confession" is not

admissible against a defendant *at their joint trial*, there is simply no justification for admitting a codefendant's statement at a separate trial. If the United States Supreme Court's rulings are not binding on this court, then I need write no more.