Cite as 2025 Ark. App. 272

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-24-285

| | |
|---|---|
| DAVID EUGENE LLOYD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered April 30, 2025<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR-23-909]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**CINDY GRACE THYER, Judge**

Appellant David Lloyd was convicted by a Sebastian County jury of one count of driving while intoxicated, sixth offense, and sentenced to twenty years in the Arkansas Division of Correction ("ADC"). His attorney has now filed a motion to be relieved and a no-merit brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Arkansas Supreme Court Rule 4-3(b), asserting that there are no meritorious grounds for relief. The clerk of our court notified Lloyd of counsel's motion and advised him of his right to file pro se points; he did not do so. We affirm Lloyd's conviction and grant counsel's motion to withdraw.

I. *Factual and Procedural Background*

At about 5:00 p.m. on September 23, 2023, Fort Smith Police Department Officer Caleb Jenkins conducted a traffic stop on a silver four-door Toyota because the car had a

blank sheet of paper where the license plate should have been. When Jenkins made the stop, Lloyd, the driver and sole occupant of the vehicle, attempted to get out of the vehicle and then got back in and closed the door rapidly. Jenkins asked for Lloyd's license and proof of insurance, and Lloyd provided an Arkansas identification card. Lloyd, who appeared anxious and was speaking rapidly, asked Jenkins to cut him a break. Jenkins returned to his patrol vehicle to run Lloyd's identification through dispatch; when he returned, he requested permission to search the vehicle, which Lloyd granted. After Lloyd was secured in the back of Jenkins's patrol vehicle, Officer Jeremy Elliott, who was also on the scene, searched Lloyd's car. Elliott found a one-liter bottle of vodka, of which approximately one-third to one-half was missing. Jenkins and Elliott smelled the odor of intoxicants on Lloyd. After reading Lloyd his *Miranda* warnings, they performed standardized field-sobriety tests on Lloyd.

Jenkins performed a horizontal gaze nystagmus (HSN) test on Lloyd. Jenkins told the jury that an officer performing an HSN must see at least four clues to suspect intoxication, and Lloyd exhibited six, which indicated a high probability of impairment over a blood-alcohol content ("BAC") of 0.08. On the next test, the "walk and turn," Lloyd displayed five out of the eight clues needed to suspect intoxication. Lloyd also failed the one-leg stand, exhibiting four out of the four clues needed to suspect intoxication. Given Lloyd's poor performance on each test, Jenkins believed that he was intoxicated with a BAC over 0.08.

Without objection, the State introduced Jenkins's body-camera footage and a transcript of the video. After playing the video with sound for the jury, the State announced that it was going to play the video again but without sound so that Jenkins could explain to

the jury the testing clues that he was observing at the time. Lloyd objected "because of repetition." The court overruled Lloyd's objection and allowed the State to play the video again. The State did so, with Jenkins narrating what was happening and explaining the field-sobriety-test clues and Lloyd's failures to the jury.

After Lloyd completed the field-sobriety tests, Jenkins transported him to headquarters for a breath test. On the way there, Lloyd said "that he knew better than to be driving that day and that he had been partying for three days straight." Once at the police department, Jenkins read Lloyd the Arkansas statement-of-rights form, which Lloyd signed. The form was admitted into evidence without objection. Jenkins then administered a breath test after waiting twenty minutes to ensure that Lloyd did not consume or drink anything that could affect the test. Officer Terry Bourlon administered the BAC test, which produced a result of 0.155. Lloyd was arrested and charged with DWI.

After the State rested, the court asked defense counsel if he had any motions he wanted to make. Counsel replied, "No, sir." The defense then rested without calling any additional witnesses. The jury subsequently convicted Lloyd of driving while intoxicated.

During sentencing, the State introduced, without objection, evidence of Lloyd's multiple previous DWI convictions as well as other convictions. Lloyd then testified on his own behalf, apologizing for his conduct and explaining his family history. On cross-examination, he acknowledged his prior convictions and conceded he had been convicted of seven prior DWIs in the previous twenty years. After deliberating, the jury sentenced Lloyd

to twenty years in the ADC and a fine of $15,000. The sentencing order was entered on March 25, 2024, and Lloyd filed a timely notice of appeal.

## II. *No-Merit Framework*

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief. Ark. Sup. Ct. R. 4-3(b)(1) (2022). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions, and requests made by either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id.* The brief's statement of the case and the facts shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court and the page number where each adverse ruling is located in the appellate record. *Id.*; *Hodnett v. State*, 2023 Ark. App. 336, 669 S.W.3d 885.

## III. *Discussion*

### A. Sufficiency of the Evidence

In this no-merit appeal, counsel first addresses the fact that any argument concerning the sufficiency of the evidence would be wholly frivolous because trial counsel made no motion for directed verdict. Rule 33.1(a) of the Arkansas Rules of Criminal Procedure (2024) provides, "In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor." Subsection (c) of Rule 33.1 states that a motion for directed verdict must specify in what respect the evidence is

4

deficient; that a motion merely stating that the evidence is insufficient does not preserve issues relating to a specific deficiency; and that the failure to challenge the sufficiency of the evidence in the manner required in subsection (a) constitutes a waiver of any question with regard to the sufficiency of the evidence. Because Lloyd failed to move for a directed verdict at the close of the evidence, he failed to preserve a challenge to the sufficiency of the evidence. *See R.R. v. State*, 2010 Ark. App. 689. Counsel therefore correctly notes that the failure to preserve a challenge to the sufficiency of the evidence precludes any argument on that matter on appeal.

Counsel also goes on to address the sufficiency of the evidence, asserting that even if the argument had been preserved, it would nonetheless be without merit. We agree. Pursuant to Arkansas Code Annotated section 5-65-103(a) (Repl. 2024), it is unlawful for a person who is intoxicated to operate or be in actual physical control of a motor vehicle. "Intoxicated," as is relevant here, means influenced or affected by the ingestion of alcohol to such a degree that the driver's reactions, motor skills, and judgment are substantially altered, and the driver constitutes a clear and substantial danger of physical injury or death to himself or herself or another person. Ark. Code Ann. § 5-65-102(4) (Repl. 2024). A person who is found guilty of driving while intoxicated under section 5-65-103 for a sixth or subsequent offense occurring within twenty years of the first offense is guilty of a Class B felony. Ark. Code Ann. § 5-65-111(f) (Repl. 2024).

The evidence summarized above clearly supports Lloyd's conviction for driving while intoxicated. Lloyd, who smelled of intoxicants and appeared anxious at the time of the traffic

stop, was the only passenger in a vehicle in which a one-third to one-half empty liter bottle of vodka was found; he failed every field-sobriety test performed on him; and his BAC was 0.155, nearly twice the legal limit of 0.08. In addition, the State's evidence, in the form of certified copies of Lloyd's previous DWI convictions, was sufficient to prove the requisite number of previous DWI convictions. Accordingly, as counsel properly notes, even if an argument concerning the sufficiency of the evidence had been preserved, it would be wholly without merit.

## B. Evidentiary Ruling

The only other adverse ruling during the proceedings was when the circuit court overruled Lloyd's objection to the State's playing Jenkins's body-camera video a second time but without sound. Lloyd objected that the second playing was repetitive, but the court allowed the State to play the video again over Lloyd's objection.

Counsel notes that the circuit court has the authority to exclude evidence, even though relevant and material, if it is cumulative or impedes the progress of the trial. *Brazel v. State*, 296 Ark. 563, 759 S.W.2d 28 (1988). Nonetheless, a court, in its discretion, may deem such evidence admissible and allow its introduction. *Id.* Counsel notes that the court allowed the State to replay the video without sound for the purpose of further explaining the field-sobriety tests to the jury and properly concludes that the decision was not an abuse of discretion. We agree. The mere fact that evidence is cumulative may be grounds for a discretionary exclusion but hardly forms a basis for holding that its admission, which is

6

otherwise proper, constitutes an abuse of that discretion. *Chappell v. State*, 18 Ark. App. 26, 35, 710 S.W.2d 214, 218–19 (1986).

IV. *Conclusion*

From our review of the entire record and the brief presented by Lloyd's counsel, we conclude that an appeal would be wholly frivolous in this case. Therefore, we affirm the order of revocation and grant Lloyd's counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

GLADWIN and WOOD, JJ., agree.

*Vicki Lucas*, for appellant.

One brief only.