Kelley CHRISTOPHER v. STATE of Arkansas

CR 99-787 10 S.W.3d 852

Supreme Court of Arkansas
Opinion delivered February 17, 2000

*William R. Simpson, Jr.*, Public Defender; *Jeffrey A Weber*, Deputy Public Defender, by: *Deborah R. Sallings*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Ass't Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant Kelley Christopher appeals the judgment of the Pulaski County Circuit Court convicting him of the capital murder of Drajah Morrow and sentencing him to life imprisonment without the possibility of parole. Our jurisdiction is thus pursuant to Ark. Sup. Ct. R. 1-2(a)(2). Appellant's sole point for reversal is that the trial court abused its discretion in restricting his *voir dire* of prospective jurors. We find no merit and affirm.

The record reflects that Appellant attacked Mr. Morrow as he was walking down the sidewalk in front of Appellant's apartment. Appellant stabbed Mr. Morrow repeatedly, using both a butcher knife and a meat fork. The medical examiner testified that Mr. Morrow died as a result of five of those stab wounds. The State alleged that Appellant killed Mr. Morrow with premeditation and deliberation, and thus, charged him with capital murder. The State later agreed to waive the death penalty. Appellant subsequently exercised his right to a trial by jury. During *voir dire*, Appellant's attorney attempted to question jurors with regard to lesser offenses, and the following colloquy took place:

> [Q]: . . . Is there anybody — anybody think that [capital murder is] the only charge there should be when there's murder involved?
>
> You know, there's murder in the first degree, murder in the second degree, which each offer lesser punishments but a homicide has still taken place.
>
> Miss Gieringer, do you think it always should be capital murder? Or do you think there's [*sic*] circumstances where there should be a lesser?

[A]: I was going to ask you or Mrs. Raney what it is — why do you term it capital murder. I don't know the difference between them.

[Q]: They get to choose. I don't have any control over that. So I don't know. Premeditated and deliberated is what they need in capital murder.

[A]: The other ones are not?

[Q]:. . . [F]irst-degree murder is purpose and second-degree murder is someone causes the death showing extreme indifference to [the] value of human life. And each individual one comes down a little bit on his mental state. Do you think that's proper? Or do you think it should always be capital murder, death penalty or life without for everyone?

At that point, the State objected to the line of questioning on the grounds that it was unknown whether the jury would receive instructions on any lesser offense. The trial court sustained the State's objection and instructed Appellant's counsel to simply ask the prospective jurors if they would be able to follow any instruction submitted to them. After considering all the evidence, the jury convicted Appellant of capital murder.

For reversal, Appellant argues that the trial court improperly restricted his *voir dire* of potential jurors, thus impeding his ability to ascertain the jurors' understanding of the distinctions among the classes of homicide. He claims that this, in turn, restricted his ability to determine when to exercise his peremptory challenges. The State argues that Appellant is procedurally barred from arguing this on appeal because the defense conceded that the jury was acceptable at the close of jury selection. We agree with the State that Appellant has not preserved this issue for appeal.

In order to preserve an argument for appeal, there must be an objection in the trial court that is sufficient to appraise that court of the particular error alleged. *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996); *Moore v. State*, 321 Ark. 249, 903 S.W.2d 154 (1995). The failure to object at the first opportunity waives any right to raise that point on appeal. *Id.* Here, Appellant never took exception to the trial court's decision to restrict his *voir dire* of the potential jurors. Likewise, he never noted on the record that he had any objection to the impanelment of the jury even though he now argues that he was unable to adequately question the potential

jurors. It was necessary for Appellant to raise his objection at this point in order to establish that he was prejudiced by the trial court's decision. Accordingly, Appellant has waived his right to raise this issue on appeal.

■ Even absent this procedural defect, there is no merit to Appellant's argument that the trial court abused its discretion in limiting *voir dire*. This court has held that the extent and scope of *voir dire* is left to the sound discretion of the trial judge, and the trial judge's ruling will not be disturbed on appeal, absent an abuse of discretion. *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998); *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996). The proper role of a trial judge in *voir dire* is to direct the process, and he is given great discretion to ensure that no undue advantage is gained. *Britt*, 334 Ark. 142, 974 S.W.2d 436; *Anderson v. State*, 278 Ark. 171, 644 S.W.2d 278 (1983).

■ Rule 32.2 of the Arkansas Rules of Criminal Procedure provides for *voir dire* examination of potential jurors and specifically grants the trial judge the power to "permit such additional questions by the defendant or his attorney and the prosecuting attorney *as the judge deems reasonable and proper*." (Emphasis added.) *See also Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996). This court in *Danzie* held that the rule has been interpreted as providing trial judges with wide latitude in conducting and monitoring *voir dire*. Furthermore, this court has held that the purpose of *voir dire* is to discover if there is any basis for a challenge for cause and to gain knowledge for the intelligent exercise of peremptory challenges. *Henry v. State*, 309 Ark. 1, 828 S.W.2d 346 (1992); *Sanders v. State*, 278 Ark. 420, 646 S.W.2d 14 (1983). In the present matter, the trial court found that Appellant's line of questioning was irrelevant because it was unknown at that point whether instructions on lesser charges would even be submitted to the jury. Considering the wide latitude allowed trial judges in managing *voir dire*, we cannot say that this was an abuse of the trial court's discretion.

Pursuant to Ark. Sup. Ct. R. 4-3(h), the record has been reviewed for rulings decided adversely to Appellant. No reversible errors were found.

Affirmed.