Belynda Faye GOFF *v.* STATE of Arkansas

CR 99–285 19 S.W.3d 579

Supreme Court of Arkansas
Opinion delivered June 8, 2000

*Jay T. Finch*, Judge;

*Vowell & Atchley, P.A.*, by: *Stevan E. Vowell*; and *Davis & Watson, P.A.*, by: *Charles E. Davis*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. Appellant, Belynda Faye Goff, was convicted by a jury of first-degree murder in the death of her husband and was sentenced by the jury to life in prison. We affirmed her conviction on appeal, but remanded the case for resentencing because the trial judge had improper contact with the jury during deliberations. *Goff v. State*, 329 Ark. 513, 953 S.W.2d 38 (1997) (*Goff I*). Following a second sentencing hearing, a new jury again sentenced Mrs. Goff to life in prison. From that

decision comes this appeal.[1]

Mrs. Goff raises five points for reversal: (1) the trial court erred by instructing the jury about meritorious good time and in allowing the State to argue the same to the jury; (2) the trial court erred in not allowing the appellant and her witnesses to testify fully and unfettered with regard to appellant's innocence; (3) the trial court clearly abused its discretion by unduly restricting voir dire by appellant's attorney; (4) the trial court erred by denying the appellant the right of allocution; and (5) the trial court abused its discretion and commented on the evidence by requiring that the jury look at all of the evidence when they requested to view only one specific piece of evidence. We affirm.

## 1. Meritorious Good-Time Instruction

For her first point on appeal, Mrs. Goff argues that the meritorious good-time instruction was used improperly by both the trial court and the prosecuting attorney. The trial court instructed the jury about the possibility of parole and meritorious good-time credit using a modified version of AMI Crim. 2d 9402. Mrs. Goff does not object to the form of the instruction; nor did she object to the jury being so instructed at trial.[2] She does argue, however, that the trial court improperly allowed the prosecuting attorney to argue meritorious good time before the jury in closing arguments, thereby prejudicing the minds of the jurors against a term of years.

During closing arguments, the prosecuting attorney attempted to explain the effect of the meritorious good-time provision to the jury. He argued that if Mrs. Goff were sentenced to a term of twenty years, she could be eligible for parole in ten years, and with meritorious good time could even be out of prison in just five years. Mrs. Goff objected to this argument and requested an admonition by the trial court. At this request, the following admonishment was given:

---

[1] The facts and circumstances leading to Mrs. Goff's conviction for the murder of her husband have been set out in depth in *Goff I* and will not be repeated here.

[2] Mrs. Goff argues in her brief that the trial court erred in instructing the jury about meritorious good time because meritorious good time was repealed by the legislature in 1993. She withdrew this argument during oral arguments, recognizing that, although Acts 536 and 558 of 1993 repealed a prior version of good time credit, meritorious good time is still available to inmates of the Arkansas Department of Correction. Ark. Code Ann. § 12-29-201 (Repl. 1999); *Graham v. Norris*, 340 Ark 383, 10 S.W.3d 457 (2000). Because this argument has been withdrawn, we need not address it further.

> Ladies and gentlemen of the jury, with regard to my instruction to you concerning deliberations on the sentence to be imposed, . . . I'm going to give you a copy of that instruction before you go to deliberate, as well as a copy of the other instructions that we have prepared in this case, and . . . if you have questions concerning the applicability of the law, you should refer to that instruction for that. Once again, arguments of counsel in this case are not the law. What I give you is the law.

The prosecuting attorney then summarized the instruction to the jury without further objection.

■ ■ Mrs. Goff cannot complain on appeal when she received all of the relief she requested. *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997); *Stephens v. State*, 328 Ark. 81, 941 S.W.2d 411 (1997). She objected to the prosecuting attorney's arguments concerning parole and meritorious good time and requested an admonition to the jury. The objection was sustained and the jury was admonished. There is no error for our review. Mrs. Goff did not object to the State's second discussion of AMI Crim. 2d 9402; nor did she argue that the jury admonition was inadequate. Her failure to preserve this argument by timely objection constitutes a waiver and precludes our appellate review. *Hill v. State*, 341 Ark. 211, 16 S.W.3d 539 (2000).

■ ■ Mrs. Goff also argues that the judge erroneously read AMI Crim. 2d 9402 to the jury a second time in response to a question submitted by the jury concerning the effect of a sentence of life. During deliberations, the jury submitted a question to the trial court, asking whether a sentence of life actually meant life, or if a life sentence is actually a term of years. When a jury requests additional instructions during deliberations, the trial court must provide the additional instructions unless "the jury may be adequately informed by directing its attention to some portion of the original instructions." Ark. R. Crim. P. 33.7. We do not reverse the trial court in this matter absent an abuse of discretion. *Wood v. State*, 276 Ark. 346, 635 S.W.2d 224 (1982). In the instant case, the jury asked for additional instruction on the meaning of life in prison. We cannot say the trial court abused its discretion in determining that the jury could be adequately informed by directing its attention to AMI Crim. 2d 9402 for clarification of the meaning of life in prison.

## 2. Testimony Concerning Mrs. Goff's Innocence

Anticipating that Mrs. Goff might seek to introduce testimony asserting her innocence during the second sentencing trial, the State filed a motion in limine to exclude any such testimony. The trial court took the matter under advisement until the trial, at which time it excluded any testimony by witnesses for Mrs. Goff expressing a belief in her innocence. However, the trial court denied the motion in limine with regard to Mrs. Goff's own testimony. The trial court allowed Mrs. Goff to testify as to her innocence using the same words she used at her first sentencing. The record demonstrates the following testimony by Mrs. Goff at the first sentencing: "I still admit no guilt. I am not guilty of this crime." Despite the trial court's favorable ruling, Mrs. Goff did not testify to her innocence at the second sentencing trial in the words that she had used in her previous testimony. ·

Mrs. Goff now argues on appeal that her right to testify in her own behalf was violated by the trial court's refusal to allow her and her witnesses to profess her innocence before the jury during the second sentencing proceeding. She proclaims that "the most fundamental right of a criminal defendant is to profess his or her innocence throughout the entirety of the criminal process and continue to do so until the day they die." Because she was not allowed to testify as to her own innocence, Mrs. Goff contends that she was prejudiced due to the fact that the new jury impaneled at the second sentencing trial would not know that she had ever professed innocence.

■ ■ We have consistently held that in order to preserve an issue for appellate review, the objection below must be specific enough to apprise the trial court of the particular error about which appellant complains. *Terry v. State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *Kittler v. State*, 304 Ark. 344, 802 S.W.2d 925 (1991). Even constitutional arguments will not be considered on appeal if a specific objection has not been raised below. *Kittler v. State, supra.*

■ Mrs. Goff's only argument before the trial court regarding the opinion testimony of third-party witnesses was that she should be allowed to put on evidence of innocence if the trial court allowed the State to retry its case. The only argument Mrs. Goff raises on appeal is that the denial of such testimony violated her constitutional rights. At no time did Mrs. Goff argue to the trial court that she was constitutionally entitled to present the opinion

testimony of third parties as to her innocence during sentencing; nor does she pursue her initial argument on appeal. Thus, we are foreclosed from addressing the merits of either argument on appeal. *Terry v. State, supra; Kittler v. State, supra.*

■ Likewise, we are precluded from addressing whether the trial court unduly restricted Mrs. Goff's right to testify in her own behalf. Although Mrs. Goff protests that she was precluded from testifying to her own innocence, the trial court did in fact allow her to testify that she was not guilty by using those words which she had used in her previous testimony. Mrs. Goff cannot appeal a favorable ruling. *Byrd v. State,* 337 Ark. 413, 992 S.W.2d 759 (1999). Furthermore, she failed to take advantage of the trial court's favorable ruling.

■■ Mrs. Goff argues, however, that she should have been allowed to testify unfettered, in her own words, rather than being restricted to her previous testimony. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so we can review the decision, unless the substance of the evidence is apparent from the context. *Leaks v. State,* 339 Ark. 348, 5 S.W.3d 448 (1999) (citing Ark. R. Evid. 103(a)(2)); *Tauber v. State,* 324 Ark. 47, 919 S.W.2d 196 (1996); *Davis v. State,* 319 Ark. 460, 892 S.W.2d 472 (1995). Certainly, as Mrs. Goff argues, it is evident from the context of the various arguments that she wished to testify about her innocence. However, absent a proffer of the testimony she sought to admit, we cannot tell how the testimony she claims she was precluded from giving differs from that which the trial court ruled admissible. Because she failed to proffer the testimony she wished to present, Mrs. Goff cannot now claim that the trial court erred by excluding it. *Huddleston v. State,* 339 Ark. 266, 5 S.W.3d 46 (1999) (citing *McGehee v. State,* 338 Ark. 1532, 175, 992 S.W.2d 110, 124 (1999)).

### 3. Voir Dire

During voir dire, Mrs. Goff requested permission to question the jury as to its understanding of the limitations on her ability to put on proof. Specifically, she wanted to ask the jury if they understood that the State would be allowed to put on evidence of the nature and circumstances of the crime but that she could not put on any evidence of innocence. Mrs. Goff wished to ask the jury if they understood that the failure to put on any evidence of innocence did

not mean she agreed with the State's theory of the case. The trial court did not permit this line of questioning because it had not yet determined whether evidence of innocence would be excluded. In fact, the trial court eventually granted Mrs. Goff permission to testify as to her own innocence, although she failed to take advantage of the opportunity. She now argues that the trial court erred by restricting the voir dire in this manner.

 Rule 32.2 of the Arkansas Rules of Criminal Procedure provides for voir dire examination of potential jurors and specifically grants the trial judge the power to "permit such additional questions by the defendant or his attorney and the prosecuting attorney as the judge deems reasonable and proper." *See also Danzie v. State*, 326 Ark. 34, 930 S.W.2d 310 (1996). The extent and scope of voir dire is left to the sound discretion of the trial judge, whose ruling will not be disturbed on appeal absent an abuse of discretion. *Christopher v. State*, 340 Ark. 404, 10 S.W.3d 852 (2000) (citing *Britt v. State*, 334 Ark. 142, 974 S.W.2d 436 (1998); *Ferrell v. State*, 325 Ark. 455, 929 S.W.2d 697 (1996)). The purpose of voir dire is to discover if there is any basis for a challenge for cause and to gain knowledge for the intelligent exercise of peremptory challenges. *Christopher v. State, supra* (citing *Henry v. State*, 309 Ark. 1, 828 S.W.2d 346 (1992); *Sanders v. State*, 278 Ark. 420, 646 S.W.2d 14 (1983)). The proper role of a trial judge in voir dire is to direct the process, and he is given great discretion to ensure that no undue advantage is gained. *Christopher v. State, supra.*

 In *Christopher v. State*, the defendant's attorney sought to question potential jurors during voir dire with regard to lesser offenses. The trial court ruled that the proposed line of questioning was irrelevant because it was unknown at that point whether the trial court would offer an instruction on lesser offenses. After considering the wide latitude allowed trial judges in managing voir dire, we were unable to say that this was an abuse of the trial court's discretion in *Christopher v. State*. Similarly, in the case at hand, the trial court had not yet ruled on the issue about which Mrs. Goff's attorney sought to question the jury during voir dire. We cannot say that it was an abuse of the trial court's discretion to restrict this line of questioning under those circumstances, particularly in light of the fact that the trial court did subsequently grant Mrs. Goff permission to protest her innocence.

## 4. Allocution

Mrs. Goff also argues that she is entitled to reversal because the trial court denied her the right of allocution. "When the defendant appears for judgment . . . he must be asked if he has any legal cause to show why judgment should not be pronounced against him." Ark. Code Ann. § 16-90-106 (1987). The trial court's failure to allow a criminal defendant this opportunity for allocution is reversible error. *Hill v. State*, 331 Ark. 312, 962 S.W.2d 762 (1998); *Smith v. State*, 257 Ark. 781, 520 S.W.2d 301 (1975). However, we do not reverse for failure to allow allocution where there has been no objection to the failure below. *Hill v. State, supra*; *Heard v. State*, 272 Ark. 140, 612 S.W.2d 312 (1981).

In this instance, the record is clear that Mrs. Goff was indeed offered no opportunity for allocution. However, the record is equally clear that she did not object to this omission. We will not reverse based upon an error not objected to below. *Heard v. State, supra.*

## 5. Evidence Sent to the Jury

Mrs. Goff's final point on appeal is that the trial court impermissibly commented on the evidence when it sent all of the evidence to the jury for review following a request by the jury to see one piece of evidence, a hammer.

"Upon retiring for deliberation, the jury may take with them all papers which have been received as evidence in the case." Ark. Code Ann. § 16-89-125(d)(3) (1987). But the trial court is not required to send the evidence to the jury room with the jury. *Nathan v. State*, 235 Ark. 704, 361 S.W.2d 637 (1962). It appears from the record in the instant case that the evidence was not sent to the jury room when the jury retired. The jury later requested that they be allowed to see a wooden-handled hammer that the State had introduced into evidence. Certainly, there would have been no abuse of discretion by the trial court if it had sent only the hammer to the jury room. *Gardner v. State*, 263 Ark. 739, 569 S.W.2d 74 (1978); *Nathan v. State, supra*. In the instant case, however, the trial court sent all of the evidence rather than just the hammer. Mrs. Goff argues that this was an abuse of discretion and an improper comment by the trial court about the weight to be given to the evidence. We disagree.

"Judges shall not charge juries with regard to matters of fact, but shall declare the law." Ark. Const. art. 7, §. 23. Conduct by the trial court that expresses an opinion on the weight to be given certain evidence violates our constitution. *Watkins, Broomfield and Matlock v. State*, 222 Ark. 444, 261 S.W.2d 274 (1953) (quoting *Williams v. State*, 175 Ark. 752, 2 S.W.2d 36(1927)).

The trial court clearly had the option of sending only the requested piece of evidence to the jury. *Gardner v. State*, 263 Ark. 739, 569 S.W.2d 74 (1978); *Nathan v. State, supra*. We also noted in *Gardner v. State, supra*, that the trial court has some discretion in permitting exhibits to be taken into the jury room during deliberations. In light of Ark. Code Ann. § 16-89-125(d)(3), allowing the trial court to send all of the exhibits to the jury room for deliberation when the jury retires, and *Gardner v. State, supra*, allowing the trial judge discretion in determining which exhibits to send to the jury upon request, we cannot say that the trial court abused its discretion or improperly commented upon the evidence by sending all of the exhibits to the jury instead of sending only the requested piece of evidence.

### 6. Arkansas Supreme Court Rule 4-3(h)

The transcript of the record in this case has been reviewed in accordance with our Rule 4-3(h) which requires, in cases in which there is a sentence to life imprisonment or death, that we review all prejudicial errors in accordance with Ark. Code Ann. § 16-91-113(a). None have been found.