Cite as 2019 Ark. App. 558

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–19–290

| | | |
|---|---|---|
| JAYLON MARTIN | | **Opinion Delivered:** December 4, 2019 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. 60CR-18-2098] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Jaylon Martin pled guilty to second-degree battery, residential burglary, and aggravated assault. The Pulaski County Circuit Court sentenced him to five years' imprisonment on each count to run concurrently with a five-day credit for time he had served in jail. Martin appeals the sentencing order and argues that the circuit court denied him his statutory right to allocution. We affirm.

On October 16, 2018, Martin and two codefendants, Melanie Culbreath and Paula Moore, entered guilty pleas to second-degree battery, residential burglary, and aggravated assault. On December 6, the court held a sentencing hearing for Martin and Culbreath, and they were represented by the same counsel. The State presented testimony from the victim and introduced photographs of his injuries and the crime scene. Defense counsel

informed the court that he did not have any witnesses. The State and defense counsel made closing statements, and the court thereafter sentenced both Martin and Culbreath. After the court pronounced the sentences, Culbreath made a pro se request to speak, but the court denied her request and advised her to discuss the issue with her attorney. On December 19, the court entered an amended sentencing order. This appeal followed.[1]

On appeal, Martin argues that the circuit court denied him his statutory right to allocution at the sentencing hearing. Arkansas Code Annotated section 16-90-106(b) (Repl. 2016) provides that a defendant appearing for judgment must be asked if he has any legal cause to show why judgment should not be pronounced against him. The purpose of the statute is to give the accused, upon sentencing, an opportunity to show any cause why sentence should not be pronounced. *Clark v. State*, 264 Ark. 630, 573 S.W.2d 622 (1978). The failure to allow a defendant to do so can amount to reversible error. *Goff v. State*, 341 Ark. 567, 19 S.W.3d 579 (2000). However, we do not reverse for failure to allow allocution when there has been no objection to the failure below. *Id.*; *Gamet v. State*, 2017 Ark. App. 206, 518 S.W.3d 130.

In this case, our review of the record shows that Martin did not make an objection to the circuit court at the sentencing hearing—his codefendant made the objection.

---

[1]Although this appeal follows the entry of a guilty plea, the sentencing was a separate procedure not integral to the plea, so our court has appellate jurisdiction. A defendant may appeal following a guilty plea when the appeal is from a decision that was neither a part of the guilty-plea acceptance nor the sentencing procedure which was an integral part of the guilty-plea acceptance. *Hodge v. State*, 320 Ark. 31, 894 S.W.2d 927 (1995). In other words, when the appellant's appeal involves nonjurisdictional issues that occurred subsequent to his guilty plea, we will address the merits of his argument on appeal. *Burgess v. State*, 2016 Ark. 175, 490 S.W.3d 645.

Consequently, in the absence of a proper objection to the circuit court, we will not reverse on that basis.

Affirmed.

GLADWIN and KLAPPENBACH, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Michael Zangari*, Ass't Att'y Gen., for appellee.