Cite as 2024 Ark. App. 629

# ARKANSAS COURT OF APPEALS
## DIVISION II
### No. CR-23-805

| | |
|---|---|
| LARRY COSSEY<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered December 11, 2024<br><br>APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. 58CR-17-553]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Larry Cossey appeals the revocation of his suspended imposition of sentence (SIS) on the underlying charge of possession of methamphetamine with the purpose to deliver, a Class A felony.  He was sentenced to fifty years' imprisonment with an additional six years' SIS.[1]  Appellant argues that the circuit court committed reversible error by denying him his statutory right to allocution under Arkansas Code Annotated section 16-90-106(b)[2] and that it also committed error by not making the consequences of his sentence known to him under Arkansas Code Annotated section 16-90-106(d).  We affirm.

---

[1]The court also imposed a $10,000 fine, but it was not included in the sentencing orders.

[2](Repl. 2016).

Appellant's revocation hearing took place on August 16, 2023. Appellant stipulated to being in violation, but he wanted to receive a lesser sentence than what remained under his original charge. Because appellant was sentenced as a habitual offender, his sentence ranged from six to sixty years' imprisonment and up to $15,000 in fines. Appellant asked that he be sentenced to ten years' imprisonment because he had no prior violent convictions. The circuit court rejected appellant's sentence recommendation and, instead, sentenced appellant as noted above. When asked whether he thought he understood the sentence announced, appellant responded, "No, sir."

As his first point on appeal, appellant contends that the circuit court committed reversible error by denying him his right of allocution. Arkansas Code Annotated section 16-90-106(b) provides that a defendant appearing for judgment must be asked if he has any legal cause to show why judgment should not be pronounced against him. The purpose of the statute is to give the accused, upon sentencing, an opportunity to show any cause why sentence should not be pronounced.[3] The failure to allow a defendant to do so can amount to reversible error.[4] However, we do not reverse for failure to allow allocution when there has been no objection to the failure below.[5]

---

[3]*Clark v. State*, 264 Ark. 630, 573 S.W.2d 622 (1978).

[4]*Goff v. State*, 341 Ark. 567, 19 S.W.3d 579 (2000).

[5]*Id.*; *Gamet v. State*, 2017 Ark. App. 206, 518 S.W.3d 130.

Appellant acknowledges that he made no objection below but argues that we should address this point based on the fourth *Wicks* exception to the contemporaneous-objection rule.[6] The fourth *Wicks* exception is implicated when the admission or exclusion of evidence affects a defendant's substantial rights.[7] Appellant argues that we should address this issue because the circuit court denied him his substantial right of allocution. Our case law is clear that *Wicks* presents only narrow exceptions that are to be rarely applied.[8] Appellant contends that certain information, such as his testimony affecting his sentence, would have come in had the court granted him his statutory allocution. He likens the circuit court's failure to allow allocution in his case to the exclusion of evidence affecting his substantial rights. However, we decline to apply the fourth *Wicks* exception to an allocution error on appeal to a situation, like here, where there was a simple failure to make a contemporaneous objection at the hearing. Accordingly, this argument is not preserved for our review.

Appellant also argues that the circuit court erred by not making the consequences of his sentence known to him under Arkansas Code Annotated section 16-90-106(d), which states,

> The law in relation to the punishment, pains, and penalties of all persons when convicted, so far as relates to him or her, and the sentence, shall be read to each convict. The consequences shall be fully declared to him or her, so that the person so convicted and sentenced shall in no instance be deem ignorant of the sentence pronounced on him or her.

---

[6]*See Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980).

[7]*Damron v. State*, 2024 Ark. App. 274, 688 S.W.3d 504.

[8]*Id.*

When the circuit court asked appellant if he understood the sentence that had be announced, appellant responded that he did not. There is no indication that appellant objected to the way in which the sentence was communicated to him. Thus, it does not appear to be preserved for our review. If appellant's response can be considered an objection, the circuit court went over the sentence imposed a second time as well as appellant's right to an appeal. As the court made certain statements and asked appellant whether he understood, appellant was silent. Under these facts, we cannot say that the circuit court erred since it explained to appellant more than once his sentence for the revocation.

Even if the court did commit error, we would affirm absent a showing of prejudice. Appellant's sentence range on the underlying charge was six to sixty years' imprisonment and a fine not to exceed $15,000.[9] Appellant was sentenced to fifty years' imprisonment followed by six years' SIS. This was not the maximum sentence. A term of imprisonment followed by an SIS for the remaining years is not considered to be the maximum sentence.[10] Additionally, even though the circuit court stated that appellant would also have to pay a $10,000 fine, that was not included in the original or amended sentencing order. Because appellant was not also ordered to pay a fine, he was not sentenced to the maximum sentence allowable for the offense.[11] Appellant conceded in his reply brief that the fine and SIS

---

[9]Appellant had fifty-six years remaining on his sentence.

[10]*See Johnson v. State*, 2010 Ark. App. 606, 378 S.W.3d 152.

[11]*See Wilcoxon v. State*, 2022 Ark. App. 458, 655 S.W.3d 686.

4

aspects of his sentence do not allow him to argue prejudice based on a maximum sentence; however, he states that he "stands behind his other claims of prejudice." A close look shows that appellant's only contention under this point was that he was prejudiced because he was sentenced to the maximum amount of time remaining on his sentence without understanding the consequences or effect or that sentence. Because he now concedes that he was not prejudiced by the sentence, we affirm.

Affirmed.

BARRETT and HIXSON, JJ., agree.

*Tim Cullen*, for appellant.

*Tim Griffin*, Att'y Gen., by: *James Hill*, Ass't Att'y Gen., for appellee.