Cite as 2026 Ark. App. 183

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-25-190

| | |
|---|---|
| JAMES EDWARD ARNOLD<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered March 18, 2026<br><br>APPEAL FROM THE FRANKLIN COUNTY CIRCUIT COURT, NORTHERN DISTRICT<br>[NO. 24OCR-23-145]<br><br>HONORABLE JAMES DUNHAM, JUDGE<br><br>AFFIRMED |

### RAYMOND R. ABRAMSON, Judge

James Arnold was found guilty of one count of trafficking a controlled substance and one count of felony failure to appear. Arnold was sentenced to 180 months' incarceration in the Arkansas Division of Correction on count one, and 60 months' incarceration on count two, to run consecutively. Arnold brings his current appeal on two grounds: (1) there was insufficient evidence to support his conviction of failing to appear; and (2) his arrest violated the Equal Protection Clause.

## I. *Background*

On May 12, 2023, Ozark Police Officer Tyler Williams initiated a traffic stop after he witnessed the vehicle pass the fog line. At the stop, Arnold was identified as the driver of the vehicle while his passenger was identified as the owner of the vehicle. Officers Williams and Bryce Cobb testified that they smelled marijuana emanating from the vehicle when the windows

were rolled down. After speaking with Arnold for some time while filling out a warning ticket for the traffic violation, officers began a probable-cause search of the vehicle due to the smell of marijuana. The search of the vehicle revealed 2.4 pounds of marijuana and 8.1 pounds of psilocybin-infused chocolate bars.

Upon being arrested, Arnold spontaneously informed officers that his passenger was "just giving me a ride, she didn't know anything." Thomas, Arnold's passenger, told the officers that she had some marijuana in her possession but that she had a medical marijuana card out of Oklahoma. Officers reviewed Thomas's medical marijuana card and confirmed that she had less than 2.5 grams of marijuana—the legal amount of marijuana she could carry with her medical marijuana card—in her second purse located in the backseat of the vehicle. Thomas denied knowledge of any other controlled substances in the vehicle.

## II. *Failure to Appear*

A directed-verdict motion is a challenge to the sufficiency of the evidence. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812 (2005). When the sufficiency of the evidence is challenged, this court considers only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Id.* The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id.*

Furthermore, challenges to an evidentiary ruling are reviewed under the abuse-of-discretion standard. *Baumann v. State*, 2018 Ark. App. 564, 566 S.W.3d 494. This court will not reverse the circuit court's ruling absent a showing of manifest abuse. *James v. State*, 2021 Ark.

App. 33, 616 S.W.3d 267. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration—prejudice must have also resulted. *Id.*

Arnold argues that there was insufficient evidence to support his conviction for felony failure to appear because no one "called the hall" on May 30, 2024, to confirm that he was not in the building. The State called Janice King, the Franklin County circuit clerk, who testified that Arnold was not present on May 30, 2024. She conceded that they were not physically looking for Arnold the day in question but testified that the clerk's office was right at the entrance of the courthouse, and no one saw Arnold appear. Arnold uses this as evidence that no attempt to contact him was made that day. The State, however, also introduced a copy of the transcript from May 29 in which the circuit court ordered Arnold to stay in the courthouse until he was fit with a location-monitoring device. No one denies that Arnold did not remain present to be fitted with the location-monitoring equipment. Furthermore, the transcript shows that Arnold was given explicit instructions to "be present at 8:30 tomorrow, and we'll start right at 9:00." Arnold cites no rule or any case law to support the notion that the circuit court was required to "call the hall" when Arnold did not appear at the courthouse on May 30. Viewing the evidence in the light most favorable to the verdict, there was sufficient evidence to find that Arnold did not appear on May 30, 2024.

III. *Equal Protection Clause*

As to Arnold's claim that his arrest for the underlying charge of trafficking of a controlled substance violated the Equal Protection Clause, he concedes that he did not raise a contemporaneous objection below. A contemporaneous objection is generally required to

preserve an issue for appeal, even a constitutional issue. *Bader v. State*, 344 Ark. 241, 40 S.W.3d 738 (2001); *Christopher v. State*, 340 Ark. 404, 10 S.W.3d 852 (2000). However, we have recognized four exceptions to the contemporaneous-objection rule, commonly referred to as the *Wicks* exceptions. *Wicks v. State*, 270 Ark. 781, 606 S.W.2d 366 (1980). The four *Wicks* exceptions are (1) when the trial court fails to bring to the jury's attention a matter essential to its consideration of the death penalty itself; (2) when defense counsel has no knowledge of the error and hence no opportunity to object; (3) when the error is so flagrant and so highly prejudicial in character as to make it the duty of the court on its own motion to have instructed the jury correctly; and (4) Ark. R. Evid. 103(d), which provides that the appellate court is not precluded from taking notice of errors affecting substantial rights, although they were not brought to the attention of the trial court. *Anderson v. State*, 353 Ark. 384, 395, 108 S.W.3d 592, 599 (2003).

Arnold argues on appeal that his arrest falls under the third *Wicks* exception. Our case law is clear: only errors that affect the "very structure of the criminal trial" are allowed under the third *Wicks* exception. *Id.* at 396, 108 S.W.3d at 600. Recently, this court has held that the third *Wicks* exception

> concerns the circuit court's duty to intervene, without an objection, and correct a serious error either by an admonition to the jury or by ordering a mistrial. The third exception is limited to only those errors affecting the very structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof. This argument has been raised before by appellate counsel, and our supreme court has refused to expand the third exception to include these situations. The *White* [*v. State*, 2023 Ark. 90, at 10, 667 S.W.3d 533, 540] court held that "there is no basis for us to apply the third *Wicks* exception to the prosecutor's closing argument since this does not affect the very

structure of the criminal trial, such as the fundamental right to a trial by jury, the presumption of innocence, and the State's burden of proof.

*Blissitt v. State*, 2025 Ark. App. 479, at 13, 725 S.W.3d 54, 62–63 (internal citations and footnotes omitted).

Arnold relies on the fact that he, an African American man, was arrested, and his passenger, Linda Thomas, a Caucasian woman, was not. Specifically, Arnold argues that there was sufficient evidence to support a charge that Thomas constructively possessed the controlled substances located within the vehicle. There is no merit to Arnold's argument that his arrest was so racially motivated that it was the duty of the court to sua sponte intervene.

First, the record is devoid of any evidence that race played a role in either the traffic stop or the arrest. Second, Arnold does not deny that he told officers that Thomas was "just giving [him] a ride, she didn't know anything." Rather, Arnold attempts to reframe this statement as Thomas professing her own innocence. This is not supported by the record. The officer on the scene informed Arnold of the following when he was being arrested:

> Hey man, since you claimed it all and both of y'all pretty much said she had no idea what was in there – she's got a little bit of weed, which she's got a card for, so we want to send her on her way, if at all possible.

It was not merely that Thomas professed her own innocence, it is that Arnold's statement and the results of the search corroborated Thomas's statements. Accordingly, the facts presented are not sufficient to invoke the third *Wicks* exception. Thus, Arnold has failed to preserve this issue for our review.

For these reasons, we affirm.

Affirmed.

THYER and BROWN, JJ., agree.

*D. Franklin Arey III*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.